ELEANOR P. DYE V. THE MIDLAND VALLEY RAILROAD COMPANY *et al.*

No. 15,436.   (94 Pac. 785.)

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Sale of Separate Tracts—Consideration.* A tax deed which has not been recorded five years, and conveys several separate tracts of land, is void on its face when its recitals do not show the amount for which each· tract was ·conveyed.

2. ——— *Compromise Sale — Consideration.* A tax deed, executed in pursuance of a compromise sale of lands held by the county under the provisions of section 7672 of the General Statutes of 1901, which has not been recorded five years, is void on its face if its recitals do not show that each tract of land described in the deed was sold for a sum not in excess of the tax and interest due thereon.

3. ——— *Deed Recorded Five Years—Construction.* A tax deed which has been recorded five years or more will not be deemed invalid if, by the aid of a reasonably liberal construction of its recitals and statements and by the application of reasonable inferences and presumptions, it can be held to contain the recitals required by the statute.

4. ——— *Deed Not Recorded Five Years — Construction.* A tax deed which has not been recorded five years will be

Dye v. Railroad Co.

deemed invalid unless it contains, substantially, the recitals prescribed by the statute, unaided by the liberal rules of construction—the application of inferences and presumptions —which are permissible where the tax deed has been of record five years or more.

5. CONDEMNATION PROCEEDINGS—*Transfer Effected—Compensation*. Where a railroad company, under the proceedings prescribed by statute, condemns real estate for a right of way and other purposes, such proceedings will effectuate a transfer of the land to the railroad company, and in lieu thereof the owners will receive the damages awarded in the same proportions in which they held the land.

6. ——— *Appeal from Award — Intervention*. Where, in such a case, a part of the owners of the land condemned appeal from the award of the commissioners to the district court, where the question of damages is submitted to and determined by a jury, the court may permit the owners not appealing to interplead for the purpose of contesting their right to the damages awarded.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed March 7, 1908. Affirmed.

STATEMENT.

THIS is an action involving proceedings to condemn land for a right of way for a railroad company, which land the plaintiff in error claims to own, and in which the Hill Investment Company and George S. Howard each claim to have an interest. After the commissioners had fixed the amount of damages which would result to the landowners on account of the right of way, the plaintiff in error, being dissatisfied with the amount of the award, appealed to the district court. Her interest in the real estate depended entirely upon a tax deed. The Hill Investment Company and George S. Howard did not appeal from the award, but were permitted to intervene in the district court, where, by interplea duly filed, they set up their claim to the land and their right to the damages allowed. The amount of damages was tried to a jury, and increased by them from $330 to $515.

After the verdict was returned the issues between the plaintiff in error and the intervenors were submitted to the court for trial, and it decided in substance that the plaintiff in error's tax deed was void on its face, but that she was entitled to a tax lien thereunder to the amount of $82; that the intervenors were the owners of the fee title to the real estate and entitled to the amount of damages awarded by the commissioners, less the tax lien of the plaintiff in error; that the railroad company was entitled to the difference between the amount of the verdict and the award of the commissioners on account of the failure of the intervenors to appeal from such award.

The court made and filed findings of fact and conclusions of law. The fourth finding of fact reads:

"The court further finds that said tax deed is void on its face on account of its failure to recite and show whether the taxes on said lots for any of the years subsequent to the year 1893 and prior to the year 1901 were paid, and whether such taxes were included in the compromise made by the county commissioners of October 8, 1901, and if so, the amount of said taxes; and for the further reason that said deed fails to show upon its face for what amount each separate lot was conveyed by such tax deed."

*A. M. Jackson,* and *A. L. Noble,* for plaintiff in error.

*J. Mack Love,* and *C. W. Wright,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: It is claimed that the district court erred in permitting the intervenors to litigate the validity of the plaintiff in error's tax deed in this proceeding, and that it also erred in adjudging that the deed was invalid. The Midland Valley Railroad Company inaugurated the condemnation proceedings in this case for the purpose of appropriating the land in controversy for right-of-way purposes. Apparently the proceedings were conducted in compliance with the statute;

the land thereby became vested in the railroad company, and the money awarded as damages was transferred to the owner or owners of the land taken. Any dissatisfied owner might have appealed from the award of the commissioners to the district court, where the amount of damages could have been submitted to a jury. The plaintiff in error exercised this right. In such cases the owners and all parties having an interest in the land must look to the damages, as finally allowed, for compensation, as such damages, so far as the landowners are concerned, take the place of the land appropriated. (*C. K. & W. Rld. Co. v. Sheldon,* 53 Kan. 169, 35 Pac. 1105.) The amount of damages awarded covers all the injury sustained by the owner or owners of the tract upon which the right of way is located. Where, as in this case, the entire tract is appropriated, the full value thereof is awarded. The land taken in this case was town lots in the city of Arkansas City. A part of the report of the commissioners reads:

"We find that the land herein condemned and appropriated over and across the same for a right of way and other railroad purposes, and required for the proper construction and operation of the Midland Valley Railroad, is the whole of said lots.

"And after going upon and personally inspecting and viewing the premises, we adjudge as full compensation for said land so taken, and for all damages done and to be done by reason of the construction and operation of said railroad over the same, . . . the sum total of $330, the said sum to be deposited with the treasurer of Cowley county, Kansas, to be paid by him to the party or parties who shall by appropriate proceeding establish his or their right to the same.

"And so we award."

From this it appears that the damages awarded were not intended to be compensation for the plaintiff in error alone, but were intended to cover the entire loss sustained by the owners of the land, whoever or wherever they might be. If the intervenors had any

right to the land before it was condemned, such right was, by the condemnation proceedings, transferred to the fund awarded as damages for the land taken, and to that fund they are compelled to look for compensation.

Where no express provision is made by statute for the filing of an interplea, an application to do so is addressed to the sound discretion of the court, and its action thereon will not be set aside unless it clearly appears that such discretion has been abused. A district court will, in furtherance of justice, permit such pleas to be filed by persons not parties to the suit, or proceeding, whenever necessary for the protection of existing rights of such persons relating to the subject-matter of litigation. (*Gibson v. Ferrell, ante* p. 454.) The application to interplead was made by the intervenors in this case immediately after the amount of damages had been finally determined. It seems eminently just and proper that the rights of all parties interested in this fund should have been determined in the same proceeding, and as speedily as possible. The denial of this application would have occasioned unnecessary inconvenience, delay and expense to all parties. The action of the court was proper.

The tax deed under which the plaintiff in error claimed title to the land in controversy, and which the court held to be void on its face, describes all of the lands involved in this action, being six town lots. Each lot is described as a separate tract, and the tracts are designated as Nos. 1, 2, 3, 4, 5, 6. The deed recites that these tracts were severally subject to taxation for 1893, and were sold September 4, 1894, and then follows recitals which read:

"And whereas, at the place aforesaid, neither of the said parcels, tracts and lots of property could be sold for the amount of tax and charges thereon, and each of them was, therefore, as they were severally and in due course, as aforesaid, offered for sale, bid off by the county treasurer for said county, for the whole amount

Dye v. Railroad Co.

of taxes and charges then due and remaining unpaid on each of the said parcels, tracts and lots of said property hereinbefore described and severally numbered, to wit: On the parcel, tract or lot in said description numbered 1, the sum of one dollar and eighty-five cents ($1.85); on that numbered 2, one dollar and eleven cents ($1.11); on that numbered 3, one dollar and eleven cents ($1.11); on that numbered 4, one dollar and eleven cents ($1.11); on that numbered 5, one dollar and eleven cents ($1.11); and on that numbered 6, one dollar and eleven cents ($1.11). And whereas the subsequent taxes for the year 1894, and of the year 1895, and of the year 1896, and of the year 1897, and of the year 1898, and of the year 1899, and of the year 1900, amounting for each of said years respectively, on each of said parcels, tracts and lots as hereinbefore numbered and described, as follow:

"On that numbered 1, for 1894, $1.15; 1895, $1.11; 1896, $.71; 1897, $1.06; 1898, $.83; 1899, $1; 1900, $.77.

"On that numbered 2, for 1894, $.81; 1895, $.78; 1896, $.50; 1897, $.75; 1898, $.58; 1899, $.70; 1900, $.53.

"On that numbered 3, for 1894, $.81; 1895, $.78; 1896, $.50; 1897, $.75; 1898, $.58; 1899, $.70; 1900, $.53.

"On that numbered 4, for 1894, $.81; 1895, $.78; 1896, $.50; 1897, $.75; 1898, $.58; 1899, $.70; 1900, $.53.

"On that numbered 5, for 1894, $.81; 1895, $.78; 1896, $.50; 1897, $.75; 1898, $.58; for 1899, $.70; 1900, $.53.

"On that numbered 6, for 1894, $.81; 1895, $.78; 1896, $.50; 1897, $.75; 1898, $.58; for 1899, $.70; 1900, $.53.

"And whereas three years had expired from the date of said sale and no person had offered to redeem said property or to purchase the same for the amount of taxes, penalties and costs due thereon; whereupon the county commissioners of said county did, on the 8th day of October, 1901, by an order of said board, authorize the county treasurer to execute and the county clerk to assign the several certificates of the sale of the several tracts of property, hereinbefore numbered and

described, to C. B. Dye, on payment to said treasurer of the several sums of money as follows:

"For said tract numbered 1, six dollars and no cents.
For that numbered 2, six dollars and no cents.
For that numbered 3, six dollars and no cents.
For that numbered 4, six dollars and no cents.
For that numbered 5, six dollars and no cents.
For that numbered 6, six dollars and no cents.

"Said several sums having been paid to the treasurer of said county, on the 9th day of October, 1901, the said treasurer did give to C. B. Dye, of the county of Cowley and state of Kansas, certificates of that date, as in such case provided by law, for and concerning each of the said parcels, tracts and lots, and the county clerk of said county did, on the same day, duly assign to the purchaser aforesaid the said certificates of sale, and all the interest of said county in said property; and whereas, the said C. B. Dye did, on the 13th day of December, 1901, duly assign the several certificates of the sale of the said several parcels, tracts and lots of property aforesaid, and all his right, title and interest to said property to Eleanor P. Dye, of the county of Cowley, and the state of Kansas; and whereas, the subsequent taxes for the year 1901, amounting on each of said parcels, tracts and lots as hereinbefore numbered and described as follows:

"On that numbered 1, for 1901, $.91;
On that numbered 2, for 1901, $.63;
On that numbered 3, for 1901, $.63;
On that numbered 4, for 1901, $.63;
On that numbered 5, for 1901, $.63;
On that numbered 6, for 1901, $.63;

"Having been paid by the said Eleanor P. Dye as provided by law; and whereas, more than three years have elapsed since the date of said sale, and six months have expired since the date of the assignment aforesaid, and none of said property has been redeemed therefrom as provided by law,

"Now therefore, I, George W. Sloan, county clerk of the county aforesaid, for and in consideration of the sum of forty dollars and sixty-six cents, taxes, costs and interest due on said land for the years 1893 to 1901, inclusive, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold," etc.

It is claimed that the deed is not in compliance with section 7677 of the General Statutes of 1901, for the reason that it does not show the amount for which each separate lot was conveyed.  The statute reads:

"In any case where any purchaser at any tax sale shall purchase more than one parcel or tract of land or lots, he may require the county clerk to include all such lands or lots in one deed, stating the amount of tax, interest and penalty for which each separate tract is sold and conveyed, the sum of which separate amounts shall be the gross or aggregate consideration of the deed; and in addition to the fee for any such deed the county clerk shall be allowed the sum of five ·cents for each piece of land or lot so included in any deed."

The deed states the amount for which each lot was originally sold, the amount of the subsequent taxes for each year thereafter, including the year 1901, and the amount for which each lot was sold under the order of the board of county commissioners, but does not show the amount for which each lot was conveyed, as required by the statute.  According to this requirement, the aggregate consideration should be $40.06 instead of $40.66, the sum stated.  This difficulty can be overcome, it is argued, by construction and assumption. If it be assumed that the sum of ten cents each, the fee allowed for issuing certificates of sale, is included in the aggregate consideration of the deed, this would account for the sixty cents excess in that amount. Cases decided by this court are cited wherein a similar proceeding was upheld.  The tax deeds under consideration in those cases, however, had been recorded more than five years.  In this case the deed had not been recorded for that length of time, and a different rule of construction applies. (*Penrose v. Cooper*, 71 Kan. 720, 725, 81 Pac. 489, 84 Pac. 115.)

Tax deeds, except where they have been recorded five years, to be valid must conform substantially with the requirements of the statute by stating facts which show that the prescribed legal steps have been taken.

The recitals in such deeds will not be aided by liberal construction, inferences and presumptions which are permissible where the deed has been recorded five years or more.

The plaintiff in error's deed appears to have been issued upon a compromise sale of the land, under the provisions of section 7672 of the General Statutes of 1901, which provide that such sales may be made for a sum less than the legal tax and interest thereon. The deed shows that each tract was sold for the sum of six dollars. Whether this was the correct amount of legal tax and interest chargeable against each tract does not appear upon the face of the deed, nor can this amount be ascertained with certainty from the facts contained in its recitals. In this respect the deed fails to comply with the statute. If the deed had been recorded five years this difficulty might be overcome by presumption and inference, as was done in the case of *Gibson v. Freeland, ante* p. 450, but, not having been so recorded, it must stand or fall upon its recitals as they are, unaided by such presumptions or inferences; and, when so considered, the recitals are insufficient. Taking the whole deed together, the district court properly held it to be invalid on its face. This conclusion disposes of the case.

The judgment is affirmed.