CHARLES E. GIBSON, *Appellee,* V. P. H. YOUNG *et ux.,*
Appellants.

No. 15,747.

TAX DEEDS—*Second Deed—Recorded Five Years—Time of Is-
suance—Reference to First Deed.* A tax deed which was is-
sued more than four years after the date of the tax sale, and
which does not recite the issuance of an invalid deed within
that time, held, after having been recorded for five years, to
be good upon its face and not open to attack by extraneous
evidence.

Appeal from Ford district court; GORDON L. FINLEY,
judge. Opinion on rehearing, filed November 6, 1909.
First opinion (*Young v. Gibson,* 80 Kan. 264) affirmed.

*E. H. Madison,* for the appellants.

*Thomas A. Scates,* and *Albert Watkins,* for the ap-
pellee.

*Per Curiam:* The first tax deed issued was confess-
edly void on its face. The second tax deed is valid upon
its face. On the *ex parte* application of the appellee
that he desired to set up and try questions not appear-
ing upon the face of the second tax deed, to show that
the steps leading up to the issuance of the tax deeds
were void, the court modified the order in the first
opinion and ordered the case remanded, with instruc-
tions to grant a new trial. Thereupon the appellants
filed a motion to modify the judgment. Notice of the
hearing thereof was given and reargument had.

The appellee and his grantors had five years, under
section 7680 of the General Statutes of 1901, to bring
an action to defeat or avoid the tax deed. There was
no occasion to bring such action as against the first tax
deed, as it was void upon its face; but upon the issuance
of the second tax deed, valid upon its face, the neces-
sity of such action arose, if the claimant of the legal
title desired to contest its validity. The five-year limi-

tation ran from the time of the issuance of the second tax deed. More than twice five years elapsed from the issuance of such deed before the bringing of this action. It has frequently been decided that where a tax deed is valid upon its face, and has been of record and parties have been in possession under it more than five years, no infirmity which does not appear upon its face can be litigated. This well-established rule would preclude any attempt on the part of the appellee to establish such infirmity in this case. Hence a new trial would be absolutely fruitless.

The order on the motion for a rehearing is withdrawn, and the order in the original opinion that the case be remanded with instructions to render judgment in favor of the appellants is reinstated.