WILLIAM F. LUDWICK, *Appellant,* v. MINNIE M. DEAN
*et al., Appellees.*

No. 16,152.

SYLLABUS BY THE COURT.

1. COMPROMISE TAX DEED—*Recital of Consideration for Assignment — Departure from Statutory Form — Prima Facie Evidence.* A tax deed issued upon assignment of a tax-sale certificate, which assignment is made by the county clerk, pursuant to an order of the board of county commissioners, for a sum less than the legal taxes, interest and penalties upon the land, has "the same force and effect as if the full amount of all taxes, interest and penalties had been paid therefor." (Gen. Stat. 1901, § 7672.) And the recital in the tax deed of facts which justify such assignment, in lieu of the recitals indicated in the form prescribed by section 7676 of the General Statutes of 1901 in case of full payment, is not a substantial departure from such form, but is substantially in the prescribed form, and the deed is *prima facie* evidence, as provided in section 7676.

2. ——— *Limitation of Actions.* Such tax deed can not, in an action commenced more than five years after the recording thereof, and to which action the statute of limitations is pleaded as a defense, be avoided by proof of facts not appearing upon the face of the deed, except in cases where the taxes have been paid or the land redeemed as provided by section 7680 of the General Statutes of 1901.

Appeal from Gray district court; GORDON L. FINLEY, judge. Opinion filed December 11, 1909. Affirmed.

*James B. Naylor,* and *B. F. Milton,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was commenced by the appellant, who is conceded to be the owner of the land unless his title is devested by a tax deed held by the appellees. His petition recited that the appellees claimed title to the land under a tax deed, a copy of which, including

the signature of the county clerk and acknowledgment, he set out therein. The appellees admitted that they held the land by virtue of the tax deed, and alleged that it was valid. They also pleaded the statute of limitations as a defense to the action. The reply was a general denial.

On the trial the appellees, having admitted the appellant's chain of title, assumed the burden of proof and offered the tax deed in evidence. The appellant objected to the deed as evidence, and, the court having overruled the objection, the ruling is assigned as error. It was unnecessary to offer the deed in evidence, the appellant having pleaded its execution and set it out, and the appellees admitting it, or at least not denying it under oath, it stood as an admitted fact. This being true, there could be no prejudicial error in admitting it as evidence.

The tax deed was issued and acknowledged more than five years before the commencement of the action, and it was admitted that the appellees had been in possession of the land from the date of the execution of the deed. The appellant, for the purpose of showing that the recitals in the deed in regard thereto did not correspond with the record, offered in evidence the record of the order of the board of county commissioners authorizing the assignment of the tax-sale certificate by the county clerk for a less amount than the taxes, interest and penalties, and upon the objection of the appellees the court excluded such evidence, and this is the assignment of error upon which the appellant seems to rely.

The tax deed recited that the land was subject to taxation, that taxes were levied thereon, the sale of the land therefor, that no person offered to bid the amount of taxes, interest and penalties at the time of the sale, that the land was bid in for the county by the treasurer, that no one offered to redeem the land or to pay the amount of taxes, interest and penalties for an assign-

ment of the certificate for more than three years after the sale, and the order of the board of county commissioners authorizing the assignment of the certificate for a sum less than the full amount of taxes, interest and penalties. The recitals in the deed were in accordance with the form prescribed by section 7676 of the General Statutes of 1901, except that in lieu of the prescribed recitals relating to an assignment made in consideration of full payment of taxes, interest and penalties the facts were recited which would justify the assignment of the certificate under the provisions of section 7672 of the General Statutes of 1901.

The appellant contends that this was a substantial departure from the form prescribed by the statute, and that the provisions of section 7676 making a deed issued in the prescribed form *prima facie* evidence of certain facts is not applicable to this deed. We can not agree with this contention. Section 7672 was adopted after the enactment of section 7676, and provides that such "assignment shall have the same force and effect as if the full amount of all taxes, interest and penalties had been paid therefor." If the recital of such assignment in a tax deed issued thereunder did not have the same effect as the recital of an assignment for full payment, this provision would not be fully effective. The form prescribed by statute for a tax deed contains provision for the recital of certain facts, and in this case we can not regard the omission to recite facts which did not exist and the recital of facts which in law would have the same effect as the omitted facts, if such omitted facts had existed, as a material variance, and hold that the deed in this case is *prima facie* evidence of the facts recited, as prescribed by section 7676. (*Douglass v. Wilson*, 31 Kan. 565.)

However this may be, section 7680 of the General Statutes of 1901 prescribes a limitation to such actions, and this limitation was pleaded in the answer as a defense to the action. This limitation provides that no

suit or proceeding shall be commenced for the purpose of vacating or setting aside a tax deed, unless it be commenced within five years from the time of the recording of the tax deed, "except in cases where the taxes have been paid or the land· redeemed as provided by law." This limitation has been applied and upheld by numerous decisions of·this court, and in these decisions it has been repeatedly held that after a tax deed has been of record more than five years before the beginning of the action to avoid it, no facts, except such as are embraced in the foregoing exception and such facts as appear upon the face of the deed, can be considered for the purpose of avoiding it. (*Edwards v. Sims,* 40 Kan. 235; *Doudna v. Harlan,* 45 Kan. 484; *Dye v. Railroad Co.,* 77 Kan. 488; *Gibson v. Young,* 81 Kan. 185.) There is no contention in this case that the land was not subject to taxation, or was not assessed, or that the taxes had been paid or the land redeemed as provided by law. The facts by which the appellant undertook to invalidate the deed were certainly not within the exceptions prescribed by section 7680, and were offered to dispute the recitals of fact in the deed.

We find no error in the proceeding, and the judgment is affirmed.