CHARLES E. GIBSON et al., Appellants, v. JOHN V. COCKRUM et al., Appellees.

No. 16,337.

SYLLABUS BY THE COURT.

1. COMPROMISE TAX DEED—*Delinquent Taxes for Certain Years Compromised — Taxes for Subsequent Years Paid by Purchaser.* A compromise tax deed more than five years old is not void on its face because it recites that the county compromised the delinquent taxes for certain years, leaving delinquent taxes for subsequent years not compromised, where such deed further recites that the taxes for the subsequent years were paid by the purchaser.

2. TAXATION—*Compromise of Delinquent Taxes—Authority of County Board.* In compromising taxes the county board may include in the compromise all delinquent taxes which are a lien on the premises at the time the compromise is ordered, or it may compromise the delinquent taxes for certain years on condition that the purchaser pay the delinquent taxes in full for the other years; and where the tax deed is five years old, and the facts are like those referred to in the preceding paragraph, it will be presumed that the purchaser was required to pay the delinquent taxes for the other years as a condition to making the order, and that they were paid at the time the certificate issued.

3. TAX DEEDS—*Name of Grantee—Firm or Partnership.* A tax deed more than five years old will not be held void on its face because it names the grantee as "E. E. Cockrum & Son."

Appeal from Stanton district court; WILLIAM H. THOMPSON, judge. Opinion filed February 12, 1910. Affirmed.

*Thomas A. Scates*, and *Albert Watkins*, for the appellants.

The opinion of the court was delivered by

PORTER, J.: The trial court adjudged a tax deed to be good and that it extinguished a mortgage lien of the appellants. The appellees had been in possession of the premises under the deed for more than five years. It

was a compromise tax deed, dated August 29, 1902, and shows on its face that the premises were sold to the county, September 4, 1894, for the taxes of 1893; that on January 8, 1901, the commissioners, by their order of that date, authorized an assignment of the tax-sale certificate "for the taxes of the years 1893, 1894, 1895, 1896, 1897, 1898," and contains the further recital that "the subsequent taxes of the years 1899, 1900 and 1901, amounting to the sum of twenty dollars ($20) and sixty cents, have been paid by the purchaser as provided by law."

The principal objection to the deed is that it shows that the taxes for the year 1899, although due and delinquent at the time the order of the board was made, on the 8th day of January, 1901, were not included in the compromise order. In the case of *Tucker v. Shorb,* 80 Kan. 511, the compromise order was made on the 12th day of April, 1898, and authorized the assignment of the certificate for the taxes of previous years, including the taxes of 1897. It was contended that the deed was void because subsequent taxes which were not delinquent had been included in the compromise. It was held in that case that the commissioners, being authorized to compromise and settle for the taxes due at the time, "are not restricted to taxes which have been charged upon the book of tax sales at the September following the time they become due" (p. 514), and that inasmuch as the taxes of 1897 were due when the certificate was assigned and were a lien upon the land the commissioners were justified in requiring their payment at the time the certificate was assigned. We had previously held, in *Lanning v. Brown,* 79 Kan. 103, that taxes not due at the time of the assignment and therefore not a lien upon the land could not be included in the compromise order.

It follows that the board might lawfully have included in the compromise the taxes, not only for the year 1899, but for 1900, because the taxes for both

years were due and delinquent when the resolution was passed. But it may have been that the board only consented to the compromise of the delinquent taxes for the years previous to 1899 on condition that the purchaser should pay the taxes in full for 1899 and 1900. We believe the custom usually is for the board, before accepting an offer of compromise, to require the payment in full of the taxes of the current year if they are then due and payable, and no reason is apparent why the board might not accept an offer to compromise the taxes of certain years and require the payment in full of all the taxes for the other years then due and payable. A compromise tax deed is not void on its face because its recitals with respect to the assignment of the tax-sale certificate fail to state everything that may have entered into the consideration for the assignment. This deed is more than five years old, and for aught that appears on its face the purchaser may have been required by the board as a condition precedent to pay in full the taxes of 1899 and 1900, and he may have paid the taxes for those years on the very day that he paid for the assignment. There is nothing in the deed which negatives this. It merely recites that the subsequent taxes of the years 1899, 1900 and 1901 were paid by the purchaser as provided by law. Every presumption in favor of the deed which is not negatived by the recitals therein must be indulged in its favor, and we must presume that the board required as part of the consideration for the assignment that the taxes of 1899 and 1900 should be paid in full, and that they were paid at the time the certificate was issued.

A further objection urged against the deed is that the grantee named therein was E. E. Cockrum & Son, and authorities are cited to show that where a deed is taken by a firm or partnership the member of the partnership or firm whose name is mentioned takes such legal title as the deed conveys in trust for the firm, and it is argued that because the appellees offered no proof

of the execution of any such trust there was a failure to prove such title as justified a judgment in their favor. The only defense which the appellants could offer to the deed was that it was void on its face, and the irregularity last mentioned was not such as would make the deed void.

The judgment is affirmed.