MAX VAN HALL *et al.*, *Appellants*, v. PETER GOERTZ, *Appellee.*

No. 16,421.

### SYLLABUS BY THE COURT.

1. COMPROMISE TAX DEED—*Conveyance of Separate Tracts— Consideration for Each Tract.* A tax deed purporting to convey twelve separate tracts was issued upon a compromise of taxes, under the provisions of section 7672 of the General Statutes of 1901 (Laws 1893, ch. 110, § 4). The recitals of the deed showed the amount for which each tract had been bid off by the treasurer for the county, and of the delinquent taxes charged thereon for each of several years afterward. The amount for which the assignment of all the tracts was made was stated in a gross sum, and the amount of subsequent taxes paid was also given in a gross sum. The consideration stated was the aggregate of these sums. The deed had been of record for more than five years at the time the suit was commenced. It is *held*, that the amount for which each tract was sold and conveyed may be ascertained from the face of the deed with sufficient certainty to satisfy the requirements of the statute, and that the deed is not void upon its face.

2. ——— *All Delinquent Taxes Not Compromised.* Paragraph 1 of the syllabus in *Gibson v. Cockrum*, 81 Kan. 772, is followed.

3. ——— *Recitals in Compromise Deed Conveying Separate Tracts.* Other questions are referred to but not decided.

Appeal from Stanton district court; WILLIAM H. THOMPSON, judge. Opinion filed March 12, 1910. Affirmed.

### STATEMENT.

ON October 1, 1888, Frank Cessna was the owner of 160 acres of land, the subject of this action. On that day he mortgaged the land to H. B. Buckwalter to secure the payment of a promissory note for $300, due in five years, with interest to be paid semiannually. On January 16, 1902, a compromise tax deed was issued purporting to convey the land, with eleven other tracts, to John Plummer, for the delinquent taxes of 1893 to,

1898, inclusive, reciting the payment of the subsequent taxes of 1899 and 1900 by the purchaser. This deed was recorded on the day it was made and possession was taken by the grantee under it. The land was held by him and his grantees until September 2, 1905, when it was conveyed to the defendant, Peter Goertz, by warranty deed. Mr. Goertz at once entered into possession, improved the land, and still holds it, claiming title in fee simple. In the year 1907 the plaintiffs, Van Hall and Hoffman, purchased the note and mortgage for $12.50. An assignment thereon bore the signature of the mortgagee, but the space for the name of the assignee was left blank. The note also bore the indorsement of the name of the payee. This action was commenced October 2, 1907, to foreclose the mortgage. The petition alleges that nothing has been paid upon it and that the mortgagor has been absent from Kansas since September 11, 1892. Cessna and other defendants, served by publication, made default. The appellee, Goertz, pleaded the tax deed and the conveyances through which he claimed the tax title, and his possession under it. He also pleaded a judgment quieting title in John Plummer, the fifteen years statute of limitations, a defense based upon the laches of the holders of the mortgage lien, and an alleged estoppel arising from such laches. The mortgagee died in 1896. The judgment was for defendant Goertz, and the plaintiffs appeal.

*Thomas A. Scates,* and *Albert Watkins,* for the appellants; *Clifford Histed,* of counsel.

*C. M. Enns, George Getty,* and *E. H. Madison,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The defense based upon the tax deed will first be considered. It is contended that this deed is void upon its face because it shows that the taxes for the year 1899 were excluded from the compromise or-

der made by the county commissioners and from the consideration paid by the assignee. This objection is met by the opinion of this court in *Gibson v. Cockrum*, 81 Kan. 772, where such a deed with like recitals, which had been of record for more than five years, was held not to be void upon its face.

It is also contended that the deed is void because it fails to state the separate amount for which each tract included in the deed was assigned or conveyed. The deed clearly recites in separate statements the amount of taxes, penalties and costs for the year 1893, for which each tract was bid off by the treasurer for the county at the tax sale of 1894, and also recites in separate statements the amount of taxes charged upon each tract for the years from 1894 to 1898, inclusive. The deed then recites:

"And whereas said land has remained unredeemed for three years and no person has offered to purchase the same for taxes, charges and interest thereon; and whereas the board of county commissioners of said county of Stanton did on the 8th day of January, A. D. 1901, by resolution of that date, entered of record in book 1, at page 442, of the records of said board, permit and authorize the county treasurer of said county to execute, and the county clerk to assign, a tax-sale certificate of and for said land to John Plummer, of the county of Fremont, and state of Colorado, at and for the sum of two hundred and thirty ($230) dollars, for the taxes of the years 1893, 1894, 1895, 1896, 1897 and 1898, which said sum, to wit, two hundred and thirty ($230) dollars, was then and there, on the 3d day of July, A. D. 1901, paid to said treasurer by said John Plummer, and thereupon, on the 3d day of July, A. D. 1901, said treasurer executed a tax-sale certificate for said land, and said county clerk duly assigned all the right, title and interest of said county in and to said land to said John Plummer; and whereas the subsequent taxes of the years 1899 and 1900, amounting to the sum of one hundred and forty-six ($146.18) dollars and eighteen cents, have been paid by the purchaser as provided by law; and whereas more than the period of six months have elapsed since said assignment was made and neither the owner or owners of said prop-

Van Hall v. Goertz.

erty, his agents or attorneys has offered to redeem the same:

"Now, therefore, I, A. F. Zink, county clerk of said county, for and in consideration of the sum of three hundred and seventy-six ($376.18) 18-100 dollars, so paid the treasurer of said county as aforesaid, and in pursuance of said resolution of said board, and by virtue of the statute in such case made and provided, have granted, bargained and sold and by these presents do grant, bargain and sell unto the said John Plummer, his heirs and assigns, the real estate above described."

The statute gives to any purchaser at a tax sale who shall purchase more than one tract the right to have all such tracts included in one deed, "stating the amount of tax, interest and penalty for which each separate tract is sold and conveyed, the sum of which separate amounts shall be the gross or aggregate consideration of the deed." (Laws 1889, ch. 248, § 1; Gen. Stat. 1901, § 7677.) A tax deed of record for more than five years will not be held void for want of such express statements if the amounts for which each tract was sold and conveyed can be determined from all the language used in the deed, and in a proper case this may be determined by proportion if the recitals afford a sufficient basis therefor. (*Kessler v. Polkosky*, 81 Kan. 69.) The amount of the tax liens upon all the tracts, down to and including the year 1898, may be found by adding the amounts for which they were bid off respectively and the taxes afterward charged thereon, stated in the deed. For all these tax liens $230 was paid, or for each tract the proportionate part of that sum which the lien upon that tract bears to the aggregate amount of the tax liens against all the tracts. The amount of the taxes for the years 1899 and 1900, paid by the purchaser, was $146.18. The part of this amount paid upon any tract will be presumed to be in the same ratio to that amount that the tax upon the same tract for the year 1898 is to the aggregate amount of taxes upon all the tracts for that year. Applying this

10—82 KAN.

method of computation, the amount for which each tract was sold and conveyed may be determined from the recitals in the deed. While the recitals in this deed show that the taxes so paid for the two years, 1899 and 1900, were a little more than twice the taxes of 1898, still there is nothing to indicate that the increase was not uniform upon all the tracts, and it will be presumed that there was such uniformity, applying the rule of liberal interpretation adopted in *Penrose v. Cooper,* 71 Kan. 725. It was there said:

"Where a tax deed has been of record for more than five years it will not be held to be void because of the omission of express recitals required by the statute, if the substance of such omitted recitals can be supplied by inferences fairly to be drawn from statements elsewhere made in the deed, by giving to the language employed a liberal interpretation to that end." (Syllabus.)

Applying these principles, and following *Kessler v. Polkosky,* 81 Kan. 69, and the cases cited in the opinion in that case, the tax deed is not void upon its face, and must be upheld in favor of the defendant in possession claiming title under it.

It was urged by the appellee in the argument that an assignee of a county upon a compromise of taxes under section 7672 of the General Statutes of 1901 (Laws 1893, ch. 110, § 4) is not a purchaser at a tax sale within the meaning of section 7677 of the General Statutes of 1901 (Laws 1889, ch. 248, § 1); that the reason for the requirement that a statement of the amount for which each tract was sold and conveyed shall be given does not exist in such a case as this, where the amount to be paid is fixed by the county commissioners; and that this statute (§ 7677) does not apply to a compromise deed. Without deciding this question, it is held, under the liberal rule of interpretation referred to, that the deed under consideration does not materially depart from these statutory requirements.

Title under the tax deed being upheld, it is not necessary to consider the defenses based upon the fifteen years statute of limitations, laches and estoppel, and former adjudication.

The judgment is affirmed.