C. W. FORWARD, *Appellant*, V. DANIEL WELCHON,
*Appellee*.

No. 16,980.

C. W. FORWARD, *Appellant*, *v.* SARAH H. KENOYER,
*Appellee*.

No. 16,981.

HEADNOTE BY THE REPORTER.

1. TAX DEEDS—*Excessive Consideration*.  A tax deed held void
on its face because it recited a consideration in excess of the
amount legally chargeable against the property.

2. ———— *Case Criticized*.  Certain dictum in *Dye v. Railroad
Co.*, 77 Kan. 488, disapproved.

Appeals from Reno district court.  Opinion filed
April 8, 1911.  Reversed.

*Frank L. Martin*, and *Warren H. White*, for the ap-
pellant.

*Prigg & Williams*, for the appellees.

*Per Curiam:*  These actions, respectively, are to set
aside tax deeds less than five years old.  The cases
involve the same facts, were tried as one case below,
and it is agreed that they should be so considered here.
The appellant contends in each case that the tax deed
is void on its face for the reason that the deed recites a
consideration in excess of the sum of the amounts
which the county clerk could legally include therein.

A tax deed was issued to one L. A. Bunker for 174
town lots and tracts of land, of which the appellant,
Forward, previously owned all of the lots embraced in
these two actions.  Forward brought these actions in
ejectment against the appellees, who purported to have
title by conveyances from the purchaser of the tax
deeds.

The aggregate consideration recited in the tax deed
to Bunker for the conveyance of the 174 lots, of which
the eight lots in question are a part, is $770.45, as

"taxes, costs and interest." It is conceded by the appellees that if the aggregate of the amounts for which each tract was assigned by Reno county to Bunker (the lots having, for want of other bidders, been bid off to the county), plus $17.40, being ten cents paid to the treasurer for the assignment of the certificates, is less than $770.45, the tax deed is invalid. The appellees in their brief compute the total consideration of the assignments at $753.93, to which, if $17.40 be added, the sum is $771.33. By this computation the deed was executed for 88 cents less than the total of the assignment.

The appellant, however, computes the amount of the assignments for the 174 lots at $751.83, a difference of $2.10, to which, if the $17.40 be added, the amount would be $769.23, or less than the amount of the consideration recited in the deed. We have had the computation carefully made and find that the aggregate of the amounts for which the assignments were made is even less than is made by the attorneys for the appellant. The consideration expressed in the deed for which the transfer was made is greater than the sum so obtained; hence the deed is void upon its face. (*McQuesten v. Swope,* 12 Kan. 32; *Genthner v. Lewis,* 24 Kan. 309.)

The case of *Dye v. Railroad Co.,* 77 Kan. 488, is cited as authority that the ten cents per lot or tract for the certificate can not be included in the consideration for the tax deed; but we are not satisfied with what is therein said upon this question. As we have seen, it is not necessary to decide the question in this case; nor was it necessary in that case. It was not determinative of the case, and without this question the case was properly decided.

The judgment is therefore reversed.