GEORGE J. DOWNER (W. H. TULLER *et al.*, *Appellees*) v.
JOHN M. SCHMIDT (FLORENCE D. WHITNEY, *Appellant*).

No. 17,210.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Tax Deed—Repugnancy—Manifest Intention.* In construing a tax deed the intention and effect are to be collected from the whole of it, and if a term used is repugnant to the other parts of the deed, and it is clear from a reading of the entire instrument that the term was inadvertently used, it may be rejected and effect given to the manifest intention of those who executed the tax deed.

2. ———— *Tax Deed—Clerical Errors—Not Fatal.* A tax deed, which had been of record more than five years, contained one recital that the land was sold in September of a certain year for the taxes of that year, but other recitals satisfactorily showed that the first date was a clerical error and that the sale was made for the taxes of the preceding year. *Held*, that the tax deed is not void on its face by reason of the error.

Appeal from Hamilton district court. Opinion filed October 7, 1911. Affirmed.

*Clad Hamilton,* and *Clay Hamilton,* for the appellant.
*George Getty,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to quiet the title to a tract of land and was begun by George J. Downer against John M. Schmidt, Florence D. Whitney, and others. Florence D. Whitney filed an answer and cross-petition alleging that she held the patent title to the land and asking that her title be established and quieted as against the plaintiff and her codefendants. The interest of Downer was acquired by W. H. Tuller and Mary I. Leaverton and they were substituted for him, and in answer to the cross-petition of Florence D. Whitney they alleged, *inter alia,* that they were the owners of the land by virtue of a tax deed executed and

33—85 KAN.

recorded on August 16, 1894, to B. C. Nields and which had been of record more than five years before the commencement of this action. This deed was held to be valid on its face, and that being the determining question in the case judgment was given against Florence D. Whitney, who appeals.

The only question here is the validity of the tax deed. Appellant insists that it is void on its face because of the recital that the land was subject to taxation for the year 1890 and that it was sold by the county treasurer in September of the same year for the taxes then due. The original tax deed was not introduced in evidence but a copy of the instrument, as it was recorded, was offered and it showed the defect mentioned. A recital of a sale for taxes not yet due is a serious defect and one which must be held fatal if it is not cured by other recitals in the deed. It was held in *Haynes v. Heller,* 12 Kan. 381, that "a tax deed, like any other instrument, is to be construed as a whole; and if any uncertainty in one part is made certain by another, the deed as a whole is sufficient." (p. 390; *Dodge v. Emmons,* 34 Kan. 732, 9 Pac. 951; *Baughman v. Harvey,* 76 Kan. 767, 93 Pac. 146.) Reading all parts of the deed together, as we must, and construing it as we would an ordinary conveyance between individuals, it is reasonably clear that the sale made in September, 1890, was not for the taxes of 1890 but for the taxes of 1889. The taxes for 1890 were not delinquent or even due in September, 1890. The recital as to the sale is that it was made "for the payment of the taxes, interest and costs then due and remaining unpaid." The taxes of 1889 were then delinquent but those of 1890 were not. This, of itself, shows that it was not sold for the taxes of 1890. In the recital as to the bid made by the purchaser it is stated that it was for "the whole amount of taxes, interest and costs then due and remaining unpaid on said property." In another clause of the deed was a recital that the purchaser paid $18.41 as

subsequent taxes for the year 1890, again showing that the land was not sold for the taxes of 1890 but for a preceding year. Another evidence of this is that the taxes for the year for which the sale was made amounted to $20.64 while the amount of subsequent taxes for 1890 was $18.41. It is manifest from these recitals that the land was sold for the taxes of a year preceding 1890 and the granting clause of the deed satisfactorily shows that the sale was for the taxes of 1889. It is stated that "in consideration of the sum of sixty-seven dollars and fifteen cents, taxes, costs and interest due on said land for the years 1889, 1890, 1891, 1892 to the treasurer paid as aforesaid," etc., the transfer was made. It is obvious that the year 1890, in the first recital of the deed, was a clerical error, and the other recitals are such as to enable the court to say that the error was clerical and that the year 1889 was intended.

In *Gow v. Blackman*, 78 Kan. 489, 96 Pac. 799, there was a tax deed which failed to show the year the taxes accrued for which the sale was made. The court regarded the defect as an important one but held that the omission might be supplied and the ambiguity cured by reasonable inferences drawn from other recitals in the deed. The consideration clause stated that the amount for which the grant was made was for taxes, costs and interest due on the land for certain years from 1894 to 1898, inclusive, substantially as was done in this case. The sale was made in 1895 and, in view of the fact that the deed had been of record more than five years, and of the presumptions to be indulged as to deeds of that age, it was inferred that the land was sold for the taxes of 1894 and that the deed was valid. The ruling in that case is an authority for holding the tax deed in this one to be valid on its face.

The original tax deed, which was not available when the case was tried, has since been found and appellees ask to have it considered in order to prove that the

sale was actually made in 1889 and that the date, 1890, in the recorded copy, is an error, but, having determined that the deed is valid on the record presented, it is unnecessary to consider the question whether the original instrument may be received and considered on appeal.

The judgment of the district court is affirmed.