CHARLES E. GIBSON, *Appellant,* V. ELLA M. JACKSON *et al.* (EMILY COURTNEY *et al., Appellees*).

No. 17,264.

### SYLLABUS BY THE COURT.

TAX DEED—*Recitals*—*Clerical Error.* A tax deed of record more than five years correctly stated the separate payments made at the tax sale for each of the lots included, also the correct aggregate thereof. The subsequent payments on account of each lot were also correctly stated, the total of which correctly added would be $227.35. The granting clause recited that for and in consideration of $213.95 "due as aforesaid," "to the Treasurer paid as aforesaid," the conveyance was made. *Held,* that the understatement of the aggregate should be regarded as a clerical error and was controlled by the previous statements and recitals, and did not avoid the deed.

Appeal from Shawnee district court. Opinion filed December 9, 1911. Affirmed.

*Lee Monroe,* for the appellant.

*Bennett R. Wheeler,* and *John F. Switzer,* for appellees Emily Courtney and Roderick E. Courtney.

The opinion of the court was delivered by

WEST, J.: This case involves the validity of a tax deed on record eleven years. It includes four separate descriptions, and the separate and aggregate amounts for which they were sold at the tax sale are correctly stated. The separate amounts of subsequent taxes paid on each description are also correctly stated, but in the granting clause the total of all payments is given as $213.95 instead of $227.35. The recital is "for and in consideration of the sum of two hundred thirteen dollars and ninety-five cents, taxes, costs and interest in the aggregate, due as aforesaid, on said land for the year A. D. 1893, 1894, 1895 and 1896, to the Treasurer paid as aforesaid," the former recitals showing the cor-

rect total and separate payments at a sale in 1894 for the tax of 1893.

It is argued that "paid as aforesaid" here means only the recited aggregate sum, but we think the only fair and reasonable interpretation is that the words mean the separate payments before set forth in the deed.

It is also urged that as the consideration included the payments made subsequently to the tax sale, a failure to state correctly the aggregate amount avoids the deed by reason of section 9480 of the General Statutes of 1909 (Laws 1889, ch. 248, § 1). That section reads:

"In any case where any purchaser at any tax sale shall purchase more than one parcel or tract of land or lots, he may require the county clerk to include all such lands or lots in one deed, stating the amount of tax, interest and penalty for which each separate tract is sold and conveyed, the sum of which separate amounts shall be the gross or aggregate consideration of the deed."

It is argued that as the requirement to state in the deed the amount for which each separate tract is sold and conveyed was held mandatory in *Gibson v. Kueffer,* 69 Kan. 534, 77 Pac. 282, it should likewise be held that the other requirement is equally binding, that the sum of the separate amounts shall be the gross or aggregate consideration.

This we think is true, but we do not consider the latter provision as a mandatory requirement that the true gross or aggregate consideration must be correctly recited in the granting clause. If it reasonably appear from the face of the deed upon a reasonable construction of all its statements and recitals that the gross or aggregate amount was in fact the consideration for which the deed was executed, a mere understatement in a recital in the granting clause will not so control the other statements and recitals as to render the deed void. The previous statements that the correct separate payments and the correct aggregate were made at the tax sale and that the correct separate pay-

ments for the different lots for subsequent taxes were made, giving the amount of each, would of themselves conclusively show that the real consideration for the deed was $227.35. The expression "two hundred thirteen dollars and ninety-five cents . . . due as aforesaid, . . . to the Treasurer paid as aforesaid" bears upon its face the evidence of a mistake in addition, because the amounts "due as aforesaid" and "paid as aforesaid" amount to more than $213.95. To hold that the mere recital of the latter sum in the granting clause controls would be to eliminate the correct recital of the separate payments at the sale, the correct recital of the subsequent payments and the expression "due as aforesaid" and "to the Treasurer paid as aforesaid," which would be much less justifiable and reasonable than to regard the recital of the total as manifestly a clerical error.

"A tax deed, like any other instrument, is to be construed as a whole; and if any uncertainty in one part is made certain by another, the deed as a whole is sufficient. *Haynes v. Heller*, 12 Kan. 381, 390." (*Downer v. Schmidt*, 85 Kan. 513, 514, 117 Pac. 1013.)

While a deed which shows on its face that the purchaser paid into the county treasury less than the law requires is void (*Douglass v. Lowell*, 60 Kan. 239, 56 Pac. 13; *Manker v. Peck*, 71 Kan. 865, 81 Pac. 171; *Wilks v. De Hart*, 78 Kan. 217, 95 Pac. 836), still a deed which shows that it was actually executed for the proper and lawful consideration is not avoided by the mere understatement thereof in a recital found in the granting clause (*Bowman, et al., v. Cockrill*, 6 Kan. 311; *Mack v. Price*, 35 Kan. 134, 10 Pac. 521; *Clarke v. Tilden*, 72 Kan. 574, 84 Pac. 139; *Kessler v. Polkosky*, 81 Kan. 69, 105 Pac. 7).

A fair and reasonable construction of all the language used in the deed leads to the conclusion that the consideration was correctly shown and that only a mistake in adding the amounts appears in the recital

placed in the granting clause, and in accordance with the doctrine of *Downer v. Schmidt*, 85 Kan. 513, 117 Pac. 1013, the deed, having been of record more than five years, should be upheld. (See, also, *Hoffman v. Woodward*, post.)

The judgment is affirmed.