CHARLES E. HOFFMAN, *Appellee*, v. CHARLES T. WOODWARD, *Appellant*.

No. 17,288.

SYLLABUS BY THE COURT.

TAX DEED—*Recitals Inconsistent—Construction.* A tax deed issued under section 9475 of the General Statutes of 1909, upon a compromise of delinquent taxes, contained the following recital:

"And whereas, three years had expired from the date of said sale and no person had offered to redeem said property, or to purchase the same, for the amount of taxes, penalties and costs due thereon; whereupon the County Commissioners of said County did, on the 3rd day of January A. D. 1899, by an order of said Board, authorize the County Treasurer to execute and the County Clerk to assign the several certificates of the sale of the several tracts of property hereinbefore numbered and described, to John Plummer on payment to said Treasurer of the several sums of money as follows."

The deed, which had been of record more than five years, purported to convey different tracts, sold in different years,

6—86 KAN.

and showed a sale of the tract in question in September, 1896, for the taxes of 1895. It is *held* that under the rule of liberal construction applied to tax deeds on record for five years the recital that three years had expired from the date of sale should prevail over the date of the order of the commissioners as expressed in the deed, and that the deed should be upheld.

Appeal from Stanton district court. Opinion filed December 9, 1911. Reversed.

*George Getty,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is in ejectment to recover a quarter section of land in the possession of the defendant, Woodward, claimng title under a tax deed which had been of record more than seven years when the action was commenced. The district court held that the tax deed was void upon its face, allowed a lien for taxes and gave judgment for the plaintiff, Hoffman, for recovery of the land. The defendant appealed.

A question of the sufficiency of the appellee's title was presented on the trial and is discussed in the briefs, but if the appellant's tax title is valid the controversy is ended and that question need not be considered. Several objections were made to the tax deed when it was offered in evidence but only one is insisted upon in the brief and will now be considered. The deed was issued upon a compromise of taxes made by order of the county commissioners, under the authority of section 9475 of the General Statutes of 1909, and contains the following recitals:

"And whereas, three years had expired from the date of said sale and no person had offered to redeem said property, or to purchase the same, for the amount of taxes, penalties and costs due thereon; whereupon the County Commissioners of said County did, on the 3rd

Hoffman v. Woodward.

day of January A. D. 1899, by an order of said Board,
authorize the County Treasurer to execute and the
County Clerk to assign the several certificates of the
sale of the several tracts of property hereinbefore
numbered and described, to John Plummer on payment
to said Treasurer of the several sums of money as fol-
lows:  .  .  .

"For that numbered 2, Forty Dollars and . . . Cents;
"    "      "      "    3,    "          .

. . . said several sums having been paid to the
Treasurer of said County on the 10th day of February
A. D. 1900, the said Treasurer did give to John Plum-
mer of the County of Stanton and State of Kansas, cer-
tificates of that date, as in such case provided by law,
for and concerning each of the said parcels, tracts and
lots, and the County Clerk of said County did, on the
same day, duly assign to the purchaser aforesaid the
said certificates of sale, and all the interest of said
County in said property."

The deed included tracts sold in different years, but
the sale of the tract in controversy was for the delin-
quent taxes of 1895, and was made in September, 1896.
The objection is that the recitals show that the com-
missioners ordered the compromise in less than three
years from the date of the tax sale, when they had no
power to do so.  The statute provides:

"Whenever any lands or town lots that may have
been or shall hereafter be sold for any taxes due there-
on that have been or shall hereafter be bought in by
any county for such taxes are or hereafter shall be un-
redeemed for three years from date of sale, and no
person shall offer to purchase the same for the taxes,
penalties and costs due thereon, the county commis-
sioners of the county where such lands or town lots are
located may permit the owner, his agents or attorney,
to redeem the same, or may authorize the county treas-
urer to execute and the county clerk to assign tax-sale
certificates for such lands or town lots for any sum less
than the legal tax and interest thereon, as shall be in
their judgment for the best interest of the county, which
assignment shall have the same force and effect as if
the full amount of all taxes, interest and penalties had
been paid therefor."     (Laws 1893, ch. 110, § 4, Gen.
Stat. 1909, § 9475.)

The argument is that until the expiration of the three-year period named in the statute the commissioners have no jurisdiction to compromise taxes, and that their action was therefore a nullity. On the other hand, the appellant contends that as the assignment was not made until after the statutory period had elapsed no injury resulted, and the order if prematurely made was an irregularity only and of no consequence after the deed had been of record for five years.

It will be observed that preceding the recital of the date of the order of the commissioners the deed recited that three years had expired from the date of the sale. This was impossible if the order was made on the date given; and conversely, if three years had expired after the sale before the order was made an impossible date is given. This ambiguity was patent, and but one of these recitals can prevail in the construction of this deed. If the recital that three years had elapsed be true, the deed is valid. The liberal rule of construction prevailing when a tax deed has been of record for five years requires that a recital consistent with its validity shall prevail rather than one that will overthrow it, unless the other appears to be more consistent with the context. It is argued that as it appears that one of the tracts was sold in 1894, and another in 1895, the recital referred to should be construed as relating only to such sales. The language used, however, contains no such restriction. It will also be observed that the money was paid and the assignment was made on February 10, 1900, more than thirteen months after the date of the order as expressed in the deed, while if the order was in fact made after the three-year period had elapsed, the assignment was executed within a short time afterward, and according to usual practice. It is true that this circumstance may be of little weight, but still it may properly be considered in solving the ambiguity.

The statute declares that any suit to defeat or avoid a conveyance for taxes, unless the taxes have been paid or the land redeemed, shall be commenced within five years from the time of recording the tax deed, and not thereafter. (Laws 1876, ch. 34, § 141, Gen. Stat. 1909, § 9483.) It is held that this statute applies to a deed *prima facie* good, but not to one which shows upon its face that it is executed in violation of law. (*Jesse A. Shoat v. Thaddeus H. Walker,* 6 Kan. 65; *Gibson v. Kueffer,* 69 Kan. 534, 77 Pac. 282.) Presumptions and inferences are not indulged to defeat, but are indulged to sustain the validity of a tax deed after it has been of record for five years. (*Carson v. Platt,* 76 Kan. 636, 92 Pac. 705; *Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595.) Every presumption in favor of such a deed not negatived by the recitals therein must be indulged in its favor. (*Gibson v. Cockrum,* 81 Kan. 772, 107 Pac. 32.) In *Gow v. Blackman,* 78 Kan. 489, 96 Pac. 799, it was held that an omission of an important date might be supplied by inference from other recitals. The opinion in that case was referred to in *Downer v. Schmidt,* 85 Kan. 513, 117 Pac. 1013, where it was held that a mistaken date might be rejected if from reading the entire instrument it appeared that it had been inadvertently given or was a clerical error. The date referred to in the case last cited was in the recital that the land was subject to taxation for the year 1890, the year in which it was sold. After referring to other recitals in the deed the court said:

"It is manifest from these recitals that the land was sold for the taxes of a year preceding 1890, and the granting clause of the deed satisfactorily shows that the sale was for the taxes of 1889." (p. 515.)

Conceding that the commissioners had no power to make the order of compromise until the three-year period had elapsed, the presumption that public officers have performed their duty may properly be consid-

ered in aid of the recital that the time had expired, and that recital should prevail as against a date apparently in conflict with it but not supported by other provisions of the deed.

Following the rule of liberal construction applicable to tax deeds of record for five years, the deed in question is upheld, and the judgment is reversed and the cause remanded with directions to enter judgment for the appellant.