CHARLES E. GIBSON, *Appellant,* v. CHARLES L. REA, *Appellee.*

No. 17,825.

HEADNOTE BY THE REPORTER.

TAX DEED—*Consideration for Conveyance of Separate Tracts.* A tax deed of record more than five years will not be held void for want of express statements as to the amount for which each separate tract was conveyed where such amounts can be determined from all the language used in the deed aided by all proper inferences.

Appeal from Stanton district court. Opinion filed June 7, 1913. Affirmed.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellant.

*George Getty,* of Syracuse, for the appellee.

*Per Curiam:* If the tax deed under which appellee claims is valid the other questions raised by the appeal become immaterial. The deed had been of record for more than five years and every reasonable presumption will be indulged in order to sustain it. (*Haynes v. Heller,* 12 Kan. 381; *Dodge v. Emmons,* 34 Kan. 732, 9 Pac. 951; *Downer v. Schmidt,* 85 Kan. 513, 117 Pac. 1013; *Hoffman v. Woodward,* 86 Kan. 81, 119 Pac. 712.)

Applying this rule of liberal construction the amount

Gibson v. Rea.

for which each tract sold can be ascertained by taking a sum which at fifteen per cent interest for the exact time that elapsed between the sale and the assignment amounts to the sum for which the deed recites the assignment of that tract was made, and adding the taxes for the subsequent years. The balance of the consideration stated in the deed may be accounted for by the costs of the deed, including the charges allowed by statute to the clerk and the fees for recording. The deed states that the amount for which the tracts were bid off to the county September 5, 1899, was the same amount for which the certificates were assigned on August 12, 1902. It is more reasonable to presume that this statement is a clerical error of the draftsman than that the county officers assigned the certificates for the amount due three years before instead of requiring payment of the interest which accrued.

In *Van Hall v. Goertz,* 82 Kan. 142, 107 Pac. 534, it was said:

"A tax deed of record for more than five years will not be held void for want of such express statements if the amounts for which each tract was sold and conveyed can be determined from all the language used in the deed, and in a proper case this may be determined by proportion if the recitals afford a sufficient basis therefor." (p. 145.)

The judgment is affirmed.