No. 19,275.

J. G. TOWNSEND, *Appellee,* V. D. F. MALLORY, *Appellant.*

SYLLABUS BY THE COURT.

TAXATION—*Indefinite Description of Real Estate—Tax Deed Void.* A tax deed which was less than five years old when attacked, and in which the land was described as "The east half of the southwest quarter of section twenty-three (23) township twelve (12) range thirteen (13) less six (6) acres situated in the county of Shawnee and state of Kansas," is void, and extraneous evidence is not admissible for the purpose of locating the land intended to be conveyed.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 6, 1915. Affirmed.

*W. R. Hazen,* and *Matt T. Campbell,* both of Topeka, for the appellant.

*Bennett R. Wheeler,* and *John F. Switzer,* both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought ejectment to recover land then in the defendant's possession, relying upon title through a sheriff's deed in a foreclosure action. The defendant's title is based upon a tax deed less than five years old, which the trial court vacated and set aside on the ground that it is void because of the indefinite and defective description of the real estate in the deed and in the tax proceedings.

One question presented by the appeal is whether the ruling of the court is correct, and another is whether the defect in the description may be cured by extraneous evidence.

The land is described in the tax deed and in all the tax proceedings as follows:

"The east half of the southwest quarter of Section

Twenty-Three (23) Township Twelve (12) Range Thirteen (13) less six (6) acres situated in the County of Shawnee and State of Kansas."

The deed purports to convey eighty acres less six acres, and it is clear from an examination of the tax roll, assessment roll, and notice of sale that there was no intention on the part of the assessing officers to impose a tax upon the entire tract of eighty acres, but, on the contrary, it was the intention to assess the eighty acres less six acres. It will be observed that the deed contains no reference to any fact beyond the description from which the exact land intended to be conveyed can be determined. In the case of *Wilkins v. Tourtellott*, 28 Kan. 825, the description was "five acres out of the given and described tract of thirty-eight acres . . . excepting two acres off the easterly end, fronting on the Missouri river." (Syl. ¶ 16.) It was said in the opinion:

"But beyond all this, it is impossible to ascertain what land was included within these five acres. . . . Neither of them described a five-acre tract, and only by mere guessing could it be determined that the land in controversy was intended to be embraced within the description in this tax deed. But tax titles never rest on guesses. Tax collections are proceedings *in invitum*, and must describe the land so that 'with ordinary and reasonable certainty it can' be determined exactly what land has been seized and sold." (p. 842.)

In *Johnson and another v. The Ashland Lumber Company*, 52 Wis. 458, 9 N. W. 464, the description in the tax deed was as follows:

"Lot 3, and the northeast quarter of northwest quarter, less seven acres." (p. 465.)

The description was held void. In the opinion it was said:

"It is very clear from this description that there were seven acres, a part of this tract, which were not intended to be conveyed by said deed, and were not conveyed by it; and as such seven acres were in

no way described, it is quite impossible to determine from the deed itself what lands are conveyed by it. The deed, in fact, purports to convey all of lot 3, and the N. E. 1/4 of the N. W. 1/4 of section 5, etc., but seven acres. Suppose the two tracts contain in all 77 acres, then the deed conveys 70 acres of lot 3, and N. E. 1/4 of N. W. 1/4 of section 5. What 70 acres are conveyed? It is quite impossible to tell from the deed itself, and there is no way to make the description certain by any reference in the deed to objects on the land, or adjoining it, which would make it certain. From the data given by the deed it is impossible to locate the lands conveyed. We think the deed must be held void on account of the uncertainty of the description." (p. 465.)

Section 9499 of the General Statutes of 1909 provides that "any description of lands which shall indicate the land intended with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient." It appears that the Wisconsin decision was based upon a statute with substantially the same requirement in a description of land in tax proceedings. In 37 Cyc. 1447, the rule is stated as follows:

"Where a tax deed attempts to convey a portion of a tract or lot, it must be so particularly described that it can be definitely and certainly located within the boundaries of the larger tract; it will not do to describe it as a 'part' of the tract or the 'balance' of it, or as a given fractional part of it, or as so many acres out of the tract, or as a certain tract 'less' or 'excepting' a given number of acres; all these forms of description being void for uncertainty."

It is quite evident that the present case is not one where the description can be said to be made definite by taking the entire deed together. Nothing is found in the deed in question, aside from the language referred to, which in any manner aids the indefinite description. We think it is clear that the trial court correctly held this deed void for an indefinite description of the real estate. The appellant contends

that the trial court erred in holding that the defect in the description could not be made certain by oral testimony identifying the location of the land. Our attention is called to a number of decisions in which it is held that the description of land is not required to be absolutely certain nor technically accurate. One of the cases relied upon is *Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22, the syllabus of which reads:

"Where a description of real estate is true in every particular, and no other property answers to such description, and the property may easily be found by anyone who may be acquainted with such description and with the facts which exist and which may easily be ascertained upon inquiry, *held,* that the description is sufficient." (Syl. ¶ 3.)

That was not a tax deed case but one involving a mechanic's lien, and the real estate was described as "lots 15 and 16, block A A, corner Q and South Fourth streets." It was said in the opinion:

"The description is true in every particular; no other property answers to this description, and the property may easily be found by anyone who may be acquainted with this description and with the facts which exist, and which may easily be ascertained upon inquiry." (p. 667.)

It can not be said that any one acquainted with the description in this tax deed could determine what particular six acres of the eighty acres was not intended to be assessed or conveyed. The appellant cites *Knote v. Caldwell,* 43 Kan. 464, 23 Pac. 625, where the description in a tax deed was held sufficient, the property being described as "Lot No. seventy-seven (77) Main street, in E. L. Lower's addition to the town of El Dorado, situated in the county of Butler and state of Kansas." Extrinsic evidence was allowed to be introduced in that case, but it consisted of maps or plats of additions to the town of El Dorado, signed and acknowledged by E. L. Lower. The deed itself, however, directed the purchaser to a certain

lot upon a named street in "Lower's addition." The extraneous evidence was admissible to show that, while there were several additions platted by Lower, there was only one to which the description in the deed applied. We think the court properly excluded extraneous evidence offered for the purpose of locating the land intended to be taxed.

There is a suggestion that the objections to the validity of the deed are technical. We do not think they can be so regarded. Besides, the decisions respecting tax titles have settled the policy of the state to be that where a tax deed is less than five years old when attacked, no inferences or presumptions will be indulged for the purpose of aiding its recitals, and on the contrary comparatively slight irregularities, except where obviously harmless, will be allowed to defeat it. (*Dye v. Railroad Co.,* 77 Kan. 488, 94 Pac. 785; *Taylor v. Adams,* 89 Kan. 716, 132 Pac. 1002.) In such case the owner is permitted to redeem and the tax-title holder is repaid his investment with interest. When he made the purchase he did so with notice that until his deed became five years old it might be defeated for just such irregularities in the tax proceedings. After a tax deed is five years old a liberal rule of construction obtains, and all reasonable presumptions and inferences are indulged in favor of the regularity of the proceedings and the sufficiency of the deed. (*Gow v. Blackman,* 78 Kan. 489, 96 Pac. 799; *Gibson v. Cockrum,* 81 Kan. 772, 107 Pac. 32; *Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595; *Hoffman v. Woodward,* 86 Kan. 81, 119 Pac. 712; *Williams v. Hall,* 87 Kan. 63, 123 Pac. 739.)

The judgment will be affirmed.