Smith v. Jones.

## F. E. SMITH v. ELLIS JONES.

1. TAX-DEED HOLDER, *Action by, When Barred.* An action brought by a tax-title holder against one who has been in possession for more than two years, claiming ownership under a later tax sale, is barred by the limitation provided in subdivision 3 of §18 of the civil code, unless the action is commenced within two years after the plaintiff's tax deed is recorded.

2. TAX DEED, *Filed for Record; Notice.* When the tax deed has been duly filed for record with the register of deeds, it imparts notice of what it contains to all the world, and, in contemplation of law, is recorded.

*Error from Lyon District Court.*

EJECTMENT, brought by *Smith* against *Jones.* Judgment for defendant, at the June Term, 1885. Plaintiff brings the case here. The opinion states the facts.

*Peyton, Sanders & Peyton,* and *J. A. Smith,* for plaintiff in error.

*Ed. S. Waterbury,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by F. E. Smith to recover from Ellis Jones the possession of the west half and the northeast quarter of the northeast quarter of section twenty-two, township twenty, range eleven, situated in the county of

Lyon and state of Kansas. Judgment on the second and final trial was given in favor of the defendant. The plaintiff claimed under a sale of the land for taxes, made to T. Johnson, on May 5, 1874, for $9.76, being the taxes thereon for 1873, and an assignment of the tax-sale certificate from Johnson to Noyes Spicer on May 6, 1874; a tax deed to Noyes Spicer, executed May 6, 1880, and recorded on May 8, 1880; and a quitclaim deed from Spicer and wife to himself, executed August 22, 1883. The taxes assessed against the land for the year 1874 were not paid, and at a sale held on September 7, 1875, it was again offered for sale, and there being no bidders, it was bid off by the county treasurer in the name of the county for the amount of taxes charged against it; and the taxes for the two subsequent years, not being paid, were entered up against the land. On September 6, 1877, Ellis Jones, the defendant, paid into the county treasury the sum of $44.06, which was the amount required for the redemption of the land, at which time he received a certificate of sale; and on September 23, 1878, a tax deed was executed by the county clerk to him for the land. Jones went into possession and began improving the land in September, 1878, and has been continuously in possession of the land since that time. Among other defenses, the defendant urged that the plaintiff could not maintain his action because it was not commenced within two years after the tax deed under which he claimed was recorded. The contention of the defendant is, that the limitation provided in § 16 of the civil code applies, and effectually bars the plaintiff's recovery. That section reads:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. . . . *Third.* An action for the recovery of real property sold for taxes, within two years after the date of the recording of the tax deed."

He also insists that the five-year limitation provided in § 141 of the tax law applies, and has run in favor of the tax deed executed to him in September, 1878. It is unnecessary to de-

termine the applicability of the five-year limitation provided in the statute last mentioned, as we think the two-year statute provided in the code bars a recovery by the plain-

**1. Tax-deed holder; action, barred.**

tiff. His action was not begun until about four years after the tax deed was executed and recorded. During this time, and earlier, the defendant was in the actual possession of the land. The defendant was not there as a trespasser, but was in actual possession under a claim of ownership in the land. We need not inquire whether his claim of title was strong or weak, because "possession with claim of ownership is not only evidence of title, but it is of itself title in a low degree"—and one which may in time ripen into a perfect title. (*Hollenback v. Ess*, 31 Kas. 87.) The defendant was therefore in a position to contest the plaintiff's right to recover. The plaintiff must recover upon the strength of his own title, and not upon the weakness of that asserted by Jones. To maintain his action he must establish not only his paramount title to the land, but also that he has brought his action within the time allowed by the law. By virtue of the defendant's possession and claim, the plaintiff's cause of action, if he had one, was maintainable immediately on the recording of his tax deed. He was a tax-title holder out of possession seeking to recover upon the strength of a tax title. The limitation insisted on is applicable to all such persons, and an action cannot be maintained for the recovery of the land unless it is brought within two years after the recording of the tax deed under which he claims. (*Thornburgh v. Cole*, 27 Kas. 490; *Myers v. Coonradt*, 28 id. 215.)

The plaintiff raises a question in regard to the recording of the tax deed. He claims that it cannot be regarded as recorded, because the register of deeds made an error in recording it. The deed recited a sale made to T. Johnson on May 5, 1874, and an assignment to Noyes Spicer on May 6, 1874; but as recorded, it recites that the sale occurred on the 15th day of May, 1874. No change was made, except to write "fifteen" where "five" should have been written. He now says that, as the record shows the assignment to have occurred

before the sale, the recorded deed is void on its face, and would not impart notice, and cannot be treated as recorded within the statute on that question. We cannot agree with this claim. The rights of parties are not so easily destroyed, and cannot be sacrificed by the official delinquency of the register of deeds. The statute upon the subject provides that from the time of filing the instrument with the register of deeds for record it will impart notice to all persons of the contents thereof. (Comp. Laws of 1879 ch. 22, § 20.) The duty of recording the deed devolves by law upon the register of deeds, and when the grantee causes it to be filed with that officer he has done all that the law requires of him. He has done that which is to impart notice to all the world of what the deed itself contains. This notice is not to be brushed away by the incompetent or fraudulent action of the officer in wholly or partially failing to spread it on the record. The legislature has recently provided that all tax deeds thereafter issued shall be void unless they are recorded within six months from the date of their issuance, and that all tax deeds theretofore issued shall be void unless they are recorded within one year from the taking effect of the act. (Laws of 1886, ch. 31.) Will the plaintiff contend that a tax deed which is deposited with and filed by the register within the prescribed time would be rendered void by the willful or negligent omission of the officer to copy it at length upon the record books? Will he insist that a mere inaccuracy in transcribing the deed would destroy it? We think not. Under the statute referred to the notice arises on the filing of the deed for record, and does not depend on the act of the officer in writing it out at length on the books provided for that purpose. In contemplation of law, the tax deed in question was recorded when it was received and filed by the register of deeds. The inaccuracy in transcribing it did not prevent it from thereafter being notice to all the world, nor prevent the statute of limitations from running against an action to recover the land under a tax deed so recorded. As having some application, see *Nattinger v. Ware,* 41 Ill. 245; *Merrick v. Wal-*

2. Tax deed, filed for record; notice.

*lace,* 19 id. 486; *Craig v. Dimock,* 47 id. 308; *Kiser v. Heuston,* 33 id. 252.

There must be an affirmance of the judgment.

All the Justices concurring.