HATTIE R. DOUGLASS v. JAMES H. LOWELL *et al.*

No. 11094.

1. TAXATION—*Void Deed.* A tax deed which recites that at a tax sale certain lands were bid in by the county, and that subsequently the certificates and interest of the county in the land were assigned for certain specified sums, which were less than the cost of redemption and less than the officers were authorized to accept, is void on its face, and passes no title to the holder.

2. SHERIFF'S DEED—*Not Prima Facie Evidence.* The provision of the code which made a sheriff's deed *prima facie* evidence of the regularity of the sale and the proceedings therein was repealed by chapter 109 of the Laws of 1893 (Gen. Stat. 1897, ch. 95, §§ 521–544), which provides for the sale and redemption of real estate.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed February 11, 1899. Affirmed.

*John C. Douglass*, and *Vance & Campbell*, for plaintiff in error.

*Hayden & Hayden*, and *James H. Lowell*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is ejectment for the recovery of land in Jackson county, and at a trial had in 1890 the defendants prevailed, but upon a review in this court the judgment was reversed and the cause remanded for another trial. (*Douglass v. Lowell*, 55 Kan. 574, 40 Pac. 917.) In the trial which followed defendants were again successful, and several of the rulings made during the trial are now assigned for error.

The plaintiff's principal claim of title was based on a sale of the land in 1863 for the taxes of 1862, when it was bid off by the county treasurer in the name of the county. The subsequent taxes upon the land for the years 1863 to 1867, inclusive, were charged against it under the sale of 1863. In 1868, the interest of the county was assigned to John C. Douglass, apparently for the amount for which the property was sold and the subsequent taxes levied against it, and in September of that year a tax deed purporting to convey the land to Douglass was executed by the county clerk in behalf of the county. This deed, when offered in evidence, was excluded by the trial court upon the ground that it was void upon its face. The claim of infirmity in the deed is that it shows in the recitals thereof that the assignment was for an insufficient consideration ; that is, that it was sold for less than the cost of redemption at the time the assignment was made. This view must be sustained. The recitals in the deed

show that Douglass did not pay the amount due on the land, and was therefore not entitled to a certificate of purchase. The assignment was made for the amount for which the property was sold and the subsequent taxes, but the interest on these amounts, and which constituted a part of the cost of redemption, was not paid.

The plaintiff relies on the statement in the deed that the clerk did duly assign the certificates for a good and valuable consideration, but this general statement is overcome by the specific recitals showing that the amount paid for the assignment was less than the county clerk was authorized to receive. There is a positive statute prescribing the amount for which an assignment may be made and the conditions under which the county clerk is authorized to make it. There was no authority to make the assignment for less than the cost of redemption, and Douglass was not entitled to an assignment of the certificate until he had paid into the county treasury the interest which had accrued upon the payments of taxes ; or, rather, a sum of money equal to the cost of redemption of the land at the time of the redemption. The assignment was therefore void, and as the infirmity appears on the face of the tax deed it is a nullity and conveyed no title. (*Noble v. Cain*, 22 Kan. 493.).

Another point of contention was the ruling of the court excluding from the jury a sheriff's deed executed in January, 1862, upon a judgment rendered in 1860 against Lemuel H. Springer, who then held the title to the land. The ground of the ruling was that the plaintiff failed to show the proceedings and power by virtue of which the deed had been executed. The claim of the plaintiff was that the sheriff's deed, being regular on its face, should be deemed sufficient evi-

dence of the legality of the sale and the proceedings therein until the contrary was proved. This was the rule of statute until 1893. (Gen. Stat. 1889, ¶ 4557.) In that year this provision of statute was repealed (Laws 1893, ch. 109, § 28), and since that time the proper preliminary proof must be offered before such a deed is admissible in evidence. (*Gatton v. Tolley*, 22 Kan. 678.) The presumptions of sufficiency authorized to be drawn by the statute were taken away by its repeal, and therefore the burden of showing power to sell the land and the regularity of the sale was placed on the one who claims under the deed. The plaintiff, however, contends that the attempt to repeal this provision was ineffectual, as the repealing statute only purports to repeal the section as designated in the General Statutes of 1889. The claim is that the sectionizing of that compilation and the designation of the provision in question as "4557" of the compilation is the work of the compiler and not of the legislature. It is argued that the only legal and authentic designation of the provision is "section 459 of chapter 80 of the General Statutes of 1868," and a reference to the compilation is without authority or force. This contention cannot prevail. The compilation of 1889 is authentic and has legislative recognition. The legislature of 1889 specifically provided that thereafter "in any bill to repeal or amend any law or section thereof contained in said general statutes, it shall be sufficient to refer to the same by its proper designation in said general statutes." (Laws 1889, ch. 240, § 3; Gen. Stat. 1889, ¶ 7306.) The redemption act containing the section repealing the provision in question is no exception to the general practice of the legislature in amending or repealing statutes by reference to the same as certain designated

sections of the General Statutes of 1889.  Such a reference and designation sufficiently indicates the legislative purpose, and we think the repeal is as effectual as if reference had been made to the published session laws or earlier compilations.

Having sustained the rulings of the trial court on the questions discussed, the other objections of the plaintiff become immaterial, and as none of the errors assigned authorizes a reversal the judgment will be affirmed.