C. W. SMITH v. F. C. NEWMAN, *as Administrator, etc., et al.*

No. 11,733. (62 Pac. 1011.)

1. TAX TITLE—*Landlord and Tenant.* A tenant not under any duty or obligation to pay taxes on rented land may purchase the land at tax sale, and thus acquire an adverse title as against his former landlord.

2. ———— *Ejectment by Landlord—Estopped from Attacking Tax Proceedings.* A landlord whose title was based on bare possession brought an action of ejectment against his former tenant who had obtained a tax deed to the land, and in his petition admitted that he had lost his possession some time before his action was begun. *Held*, that, as the landlord had no possession or title, he was not in a position to attack the validity of the tax proceedings and tax deed under which his former tenant held.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed December 8, 1900. Affirmed.

*C. B. Graves*, and *J. A. Smith*, for plaintiff in error.
*L. B. & J. M. Kellogg*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by C. W. Smith to recover a tract of land in Lyon county from C. S. Cross. After the action was begun Cross died, and the case was revived and prosecuted in the name of his heirs and the administrator of his estate. About 1881 E. W. Cunningham obtained a tax-sale certificate on the land, and the interest thus acquired was sold and transferred to F. E. Smith, who subsequently transferred it the plaintiff, C. W. Smith. The owner of the land redeemed it from the tax sale, and Smith surrendered his certificate to the county treasurer and received the redemption money. A wire fence was built by the Smiths enclosing the land and making it a part of a pasture controlled by them. C. S. Cross rented the land from the Smiths in 1893, and paid them rent thereon until the end of the year 1895. No taxes were paid on the land by the Smiths, and it was sold in 1892 for the taxes of the preceding year, and in 1895 a tax deed was executed to F. O. Lakin, who conveyed the same to C. S. Cross, on December 28, 1895. In February, 1897, a tax deed, based on other taxes which were in default on the land, was issued to C. S. Cross. After Cross obtained a tax title to the land he refused to pay further rent to the Smiths, and he held possession of the land for the years 1896, 1897, and 1898, and until the commencement of this action, holding it adversely

to the Smiths and every one else under the tax deeds referred to. At the trial Smith claimed title alone through the possession which he formerly held, while Cross based his right upon the tax titles the validity of which was attacked, and the court found in favor of the defendant. While the tax deeds under which Cross claims are valid upon their faces, it is conceded that the proceedings upon which they are based are irregular and defective.

In behalf of the plaintiff, it is contended that Cross, being a tenant of Smith, could not deny the latter's title, and that before doing so he must surrender the possession derived from the landlord. The fact that Cross was holding under Smith does not deprive him of the right to acquire a tax deed to the property. The taxes upon which the Lakin deed was based accrued before the Cross tenancy began. Neither at that time nor during the tenancy was Cross under any obligation to pay taxes. That obligation rested upon the owner or those claiming to own the land. In *Weichselbaum v. Curlett*, 20 Kan. 709, it was held that "a tenant under no obligation or duty to pay taxes may purchase the property at a tax sale made during his term and resist recovery by his former landlord for rent accruing after the tax sale by virtue of an adverse title so acquired." See, also, *Shoup v. C. B. U. P. Rld. Co.*, 24 Kan. 547, 558. Cross had a right to and did acquire a tax title to the land, and after that time he claimed and held possession under that title, and not under Smith.

Even if the tax deed was void on its face, and the action had been brought by the owner of the fee-simple title, Cross, who had paid taxes, penalties, and costs, would have been entitled to hold possession until the tax charges had been fully paid. (*Smith v. Smith*, 15

Kan. 290; *Redden v. Tefft*, 48 Kan. 302, 29 Pac. 157.) He certainly was entitled to hold as against Smith, whose only claim was a bare possession, and which had been lost a considerable time before this action was begun. It is fundamental that a person attacking a tax deed must show title in himself to the land in question. (*Ordway v. Cowles*, 45 Kan. 447, 25 Pac. 862.) In his petition Smith admits that he is out of possession, and not having that he had nothing. He, therefore, had no standing to attack the validity of the tax proceedings or the tax deed under which Cross held.

The judgment of the district court will be affirmed.