W. S. MANKER V. EDNA O. PECK.

No. 14,091.   (81 Pac. 171.)

Error from Scott district court; CHARLES E. LOB-
DELL, judge.   Opinion filed June 10, 1905.   Reversed.

*W. B. Washington, Lee Monroe,* and *W. F. Schoch,*
for plaintiff in error.

*E. P. Rochester,* and *J. S. Simmons,* for defendant
in error.

*Per Curiam:*  The plaintiff in error brought suit in the dis-
trict court of Scott county to set aside a tax deed, and for dam-
ages.   Issues were joined and a trial had, of which the journal
entry of judgment recites:

"Thereupon the plaintiff introduced his evidence and rested,
to which evidence the defendants filed a demurrer, which was
by the court, after due consideration, sustained, on the ground
that the tax deed referred to in the plaintiff's petition is by the
court found and adjudged to be regular in form and valid on
its face, to have been of record in the office of the register of
deeds of Scott county more than five years prior to the com-
mencement of this action, to have been recorded within six
months from its date, and that defendant Edna O. Peck took
possession under such deed within two years from its date, and
for no other reasons."

The tax deed was in evidence, and purports to convey three
separate tracts of land.   It recites the sum offered at the sale
for each separate tract, being "the whole amount of taxes, in-
terest, penalty and costs then due and remaining unpaid," and
also recites "and payment of said several sums, aggregating the
sum of seventy-eight dollars and ninety-five cents, having been
made."   The true aggregate of these sums is $85.95, which is
$7 more than the amount recited as paid by the purchaser.
The officers had no authority to accept less than the full amount,
and the receiving of less renders the tax deed void on its face.
(*Douglass v. Lowell,* 60 Kan. 239, 56 Pac. 13.)   But, it is said,
this is merely a clerical mistake.   There is no evidence other
than the deed of the amount really paid.   Probably other evi-
dence would not be admissible.

Again, chapter 248 of the Laws of 1889 (Gen. Stat. 1901,
sec. 7677) requires the county clerk, when he includes more than
one tract or parcel of land in one deed, to state "the amount of
tax, interest and penalty for which each separate tract is sold
and conveyed, the sum of which separate amounts shall be the
gross or aggregate consideration of the deed."   The deed in
question recites the sum paid by the purchaser as taxes on each
of the three tracts for the two years following the purchase.

55—71 KAN.

It does not, however, recite the separate amount for which each tract is conveyed. This omission also renders the deed void on its face. (*Gibson v. Kueffer*, 69 Kan. 534, 77 Pac. 282.)

The order and judgment of the district court are reversed, and the case is remanded.