P. A. LOGSDON V. THOMAS J. HODGES *et al.* (THE GENERAL SYNOD OF THE REFORMED CHURCH IN AMERICA, *Appellee;* EUSEBIUS NILSON, *Appellant*).

No. 16,792.

SYLLABUS BY THE COURT.

TAX DEEDS — *Consideration* — *Cost of Redemption* — *Fact Disclosed by Unnecessary Recital.* A tax deed may be set aside even after it has been of record more than five years, where it shows upon its face that the certificate was assigned by the county for considerably less than the amount then required for redemption, although such fact is shown in the course of a recital that might have been wholly omitted without rendering the deed invalid.

Appeal from Haskell district court. Opinion filed April 8, 1911. Affirmed.

Logsdon v. Hodges.

*O. H. Foster, Edgar Foster,* and *H. O. Trinkle,* for the appellant.

*B. F. Milton,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The sole question involved is whether the district court erred in setting aside a tax deed that had been of record more than five years. The deed was issued September 16, 1901. It recited that the land, being delinquent for the taxes of 1897, was sold to the county September 6, 1898, for $17.78; that on September 14, 1901, the certificate was assigned for $56.59. It then continued:

"And whereas the subsequent taxes for the years 1898, 1899 and 1900, amounting to the sum of thirty-eight and $^{81}/_{100}$ dollars, has been paid by the purchaser as provided by law."

No taxes accrued between the assignment of the certificate and the issuance of the deed, and the reference to the payment of the "subsequent" taxes for 1898, 1899 and 1900 can only mean that the purchaser from the county paid the taxes for those years as a part of the amount charged him for the assignment. The deed therefore distinctly shows that the amount for which the certificate was assigned ($56.59) was made up of the taxes of 1898, 1899 and 1900 ($38.81), added to the flat amount of the original sale ($17.78), and consequently did not include the interest on the selling price, which amounted to about $7.90. It follows that the deed is invalid because its recitals show affirmatively that the certificate was assigned by the county for less than the amount required to redeem. (*Douglass v. Lowell,* 60 Kan. 239.)

The recital concerning the taxes of 1898, 1899 and 1900 was obviously the result of the draftsman filling in blanks in a printed form that were required to be filled only where taxes had accrued and been paid after the assignment of the certificate by the county. Or-

dinarily matter appropriate to a different situation, which is retained in a tax deed through inadvertence, may be rejected as surplusage. (*Baughman v. Harvey,* 76 Kan. 767, 777.)   But the unnecessary matter here inserted was in a way pertinent. In reciting the amount of the taxes that accrued between the sale to the county and the assignment to an individual the deed merely went into greater detail than the statute required. With needless particularity it stated the items of which the amount received by the county was made up.   In doing so it revealed the fact that the total was too small, and thereby disclosed a fatal error in the proceedings. Consequently the deed was vulnerable to attack even after the lapse of five years.

"A statement in a tax deed of a fact showing that it was improperly issued is fatal to its validity, although occurring in the course of a recital not required by the statute." (*Price v. Barnhill,* 79 Kan. 93, syl. ¶ 2.)

The judgment is affirmed.