ROY S. CONE, *Appellee,* v. ARTHUR C. USHER *et al.* (C. L. REA, *Appellant*).

No. 17,546.

SYLLABUS BY THE COURT.

TAXATION—*Ejectment by Senior against Junior Tax-deed Holder —Limitation of Action.* The plaintiff in ejectment claimed title under a tax deed valid on its face and recorded in October, 1892. No showing was made by either party relating to the occupancy of the premises for the succeeding twelve years. The defendant's title rested on a voidable tax deed recorded on September 10, 1904, under which he took and continued to hold possession. The suit was commenced more than two years and less than five years after the defendant's deed was recorded. *Held,* the plaintiff is to be regarded as the owner

Cone v. Usher.

of the land and the defendant as a tax purchaser; the two-year statute of limitation appearing in section 15 of the civil code (former section 16) relates to actions brought by a tax purchaser against the owner and does not apply, but the five-year limitation fixed by section 270 of the taxation act (former section 141) applies; and the suit is not one by a tax purchaser to build up title or to enlarge his rights but is one by the landowner to protect title already vested against impairment by subsequent irregular tax proceedings.

Appeal from Stanton district court. Opinion filed April 6, 1912. Affirmed.

*George Getty,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellee.

The opinion of the court was delivered by

Burch, J.: Cone brought an action of ejectment against Rea for the land in controversy and recovered. The defendant appeals.

The plaintiff's title originated in a tax deed valid on its face and recorded in October, 1892. There was no showing relating to the occupancy of the premises for the succeeding twelve years. The defendant's title rests on a tax deed issued to him and recorded on September 10, 1904, under which he has ever since held actual possession. This deed was invalid as a conveyance provided it was exposed to attack by the plaintiff.

The plaintiff's suit was brought more than two years and less than five years after the defendant recorded his deed. The defendant claims the suit is barred by the third subdivision of section 15 of the present civil code (former Civ. Code, § 16, subdiv. 3, Gen. Stat. 1901, § 4444, subdiv. 3), which provides that an action for the recovery of real property sold for taxes must be brought within two years after the date of the record-

ing of the tax deed. The defendant also claims that the plaintiff, in order to make title, was obliged to supplement his tax deed by affirmative use of the statute of limitations precluding an investigation of the proceedings upon which it was founded.

The code limitation referred to was enacted in 1868, and was subject to the provisions of section 15, that where in special cases a different limitation is prescribed by statute the action shall be governed by such limitation. In 1876 the act relating to taxation made a special case of suits or proceedings brought against tax purchasers to recover land sold for taxes or to defeat or avoid a sale or conveyance of land for taxes, and the time limit for bringing such suits was fixed at five years from the recording of the tax deed. (Laws 1876, ch. 34, § 141, Gen. Stat. 1901, § 7680, Gen. Stat. 1909, § 9483.) After that the code limitation applied only to actions brought by the tax purchaser out of possession against the owner in possession, and the limitation in the taxation act applied to suits generally brought by the owner to test tax proceedings purporting to divest him of title, including suits for the recovery of the land. In the case of *Thornburgh v. Cole,* 27 Kan. 490, paragraphs 2 and 3 of the syllabus read as follow:

"Subdivision 3, § 16 of the code was not repealed by § 141, ch. 34, Laws of 1876. Said subdivision applies to a tax-title purchaser out of possession, and such a party can only bring his action for the recovery of real estate sold for taxes within two years after the date of the recording of the tax deed.

"Sec. 141, ch. 34, Laws of 1876, applies to any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes. In such cases, the owner of the fee out of possession may commence his action within five years from the time of the recording of the tax deed."

The distinction here made between actions instituted

by the person designated as "the tax-title purchaser" and actions commenced against the tax-title purchaser by the person designated as "the owner of the fee" has been maintained in all subsequent cases in which it has been important. In the case of *Myers v. Coonradt,* 28 Kan. 211, 214, the contrast is drawn between "an action brought by a tax-title holder" and "an action against the tax-title holder." In the case of *West v. Cameron,* 39 Kan. 736, 18 Pac. 894, it was said that "the owner of land" has five years after a tax deed upon it has been recorded to commence an action to set aside or to defeat or avoid the tax deed. Similar expressions are common, and the question in this case seems to be, which one of the parties shall be regarded, as between themselves, as the owner and which one the tax-title purchaser?

The question proposed is fairly answered by the case of *Harris v. Curran,* 32 Kan. 580, 7 Pac. 267. In that case the matter for decision was stated in the following language:

"Has a party holding a tax deed, regular on its face, and being of record more than five years, while the lots are vacant and unoccupied, five years or only two years from the recording of a subsequent tax deed, in which to bring suit against the holders of the last tax deed?" (p. 583.)

The court held that the first tax deed cut off all previous estates and vested them in the grantee so that he had the right to everything connected with and depending upon the title. The two-year statute in favor of the owner did not begin to run against him and the five-year statute in his favor ran against the owner. After that he was vested with absolute title in fee simple. He stood in the shoes of the original owner and was the patent title holder as against the second tax-deed holder. His action was not that of a tax-title purchaser seeking to obtain possession, and who must move in two years, but it was that of the owner seek-

ing to recover his land which had been sold for taxes. Therefore the five-year statute governed.

The only noteworthy difference in the facts of the two cases is that in *Harris v. Curran* it was shown that the land was vacant until the second tax purchaser took possession, while here no evidence either of occupancy or of nonoccupancy during the corresponding period was produced by either party. This difference does not affect the principle. The statute provides that a tax deed—not a tax deed plus possession—"shall vest in the grantee an absolute estate in fee simple." (Gen. Stat. 1909, § 9479.) The plaintiff's deed is valid on its face. Consequently when it was recorded and when it was introduced in evidence it carried with it, *prima facie,* the force and attributes designated in the statute. It is true that a tax deed may lose its virtue through failure to take possession under it. But no presumption arises immediately after the lapse of two years that it has thus become devitalized. The two-year statute of limitations merely conditions the remedy in the event that remedy to enforce possession be necessary. It applies only in the event that the right of possession conferred by the deed be obstructed or denied. It does not begin to run unless and until adverse possession exists, and in the absence of proof of such possession the fee simple character of the grantee's ownership presumptively continues. Therefore the plaintiff, in his relation to the defendant, was an owner whose land had been sold for taxes and who was seeking to recover it. An action by such a person for such a purpose may be brought at any time within five years from the recording of the tax deed.

A plausible argument might be made that the five-year statute of limitations in favor of the plaintiff's deed is not material to his case. A tax deed open to question for irregularity in the proceedings gives the grantee the right to pay subsequent taxes and to redeem from a subsequent tax sale. This right of re-

demption extends to the setting aside of any deed not in fact valid as a conveyance, and consequently not paramount. Therefore the holder of a defective tax deed may be regarded as the owner to the extent that he may keep the land free from subsequent invalid tax titles, provided the right be exercised within the time limit fixed by law. This suggestion, however, may be left for another story because, if it be essential, the plaintiff has the benefit of the five-year statute in favor of his deed.

The defendant argues that the Harris-Curran case is opposed to the decisions in the cases of *Walker v. Boh,* 32 Kan. 354, 4 Pac. 272; *Coale v. Campbell,* 58 Kan. 480, 49 Pac. 604, and *Stump v. Burnett,* 67 Kan. 589, 594, 73 Pac. 894, in which it was held that a tax-deed holder can not use the five-year statute of limitations for the purpose of building up a title or for the purpose of adding to the sum of enjoyment furnished by the tax deed. In all those cases the controversy was between the tax-title holder and the original owner whose land had been sold. The relative rights of successive tax-deed holders were not involved or considered; and when the circumstances are such that the first tax-deed holder has become the owner his suit against a subsequent tax purchaser is not one to enlarge his estate but is one to protect and maintain the rights he already has.

*Walker v. Boh* was decided in July, 1884. *Harris v. Curran* was heard in October and decided in November, 1884, and expressly refers to *Walker v. Boh.* The court certainly did not regard the two decisions as inconsistent at that time. So far as it was possible to do so under the facts of the case the doctrine of *Harris v. Curran* was recognized in *Stump v. Burnett.* In the case of *Campbell v. Stagg,* 37 Kan. 419, 15 Pac. 531, the principle of *Harris v. Curran* was apparently extended to a second tax deed good on its face and of

record more than five years as against a former tax purchaser out of possession. The court said:

"This action was not commenced until June 22, 1885, more than nine years after the last tax deed was recorded, and hence the action is barred by the statute of limitations, and Mrs. Campbell's title to the property has become complete and absolute." (p. 420.)

Since the decision in *Harris v. Curran* the civil code and the taxation act have both been revised and changed, but the provisions which it interprets have not been changed and the inference is that it accords with the legislative intention.

The defendant cites the case of *Smith v. Jones,* 37 Kan. 292, 15 Pac. 185, in his favor. In that case Jones, on September 6, 1877, paid into the county treasury the sum necessary to redeem from a tax sale to the county and received a certificate. In September, 1878, he took possession of the land, and later in the same month took out a tax deed. In 1880 a tax deed was issued to Spicer, who quitclaimed to Smith in 1883. This deed was recorded on May 8, 1880. Some four years afterward Smith sued for possession, which Jones had continuously held. Jones was regarded as the landowner, Smith was a tax purchaser seeking to obtain possession, and the action was barred by the two-year statute.

The defendant argues that the plaintiff's deed was not good on its face because the consideration stated is too small, citing *Manker v. Peck,* 71 Kan. 865, 81 Pac. 171. As the authority referred to in that case shows, the principle applied was that governing an assignment for a sum less than the cost of redemption where the land has been sold to the county. The plaintiff's deed not being based upon such a sale was valid on its face under the decisions in *Bowman et al. v. Cockrill,* 6 Kan. 311, *Davis v. Harrington,* 35 Kan. 196, 200, 10 Pac. 532, and numerous other cases.

The defendant complains because the plaintiff

pleaded, and while sustaining his own side of the case proved, matters of defense. While the procedure was irregular it had no ultimate effect on the determination of the merits of the controversy and consequently is not ground for reversal. (*Hopkinson v. Conley*, 75 Kan. 65, 88 Pac. 549.)

The judgment of the district court is affirmed.