A. R. HETZER, *Appellant*, V. THOMAS BURBERY et al., Defendants and Cross-petitioners, *Appellees.*

No. 17,969.

SYLLABUS BY THE COURT.

1. JUDGMENT—*Quieting Title—Bars only Parties to and Interested in the Action.*  An admission made upon the trial of an action in ejectment that a decree in a suit to quiet the title to the same land had been regularly rendered in favor of the plaintiff in that suit "quieting his title to the land in controversy against all parties then claiming an interest therein," is insufficient to bar the grantee in a tax deed issued upon the land nine months after the decree was rendered.  The language of the admission is interpreted as referring to persons claiming an interest in the litigation and parties to the action and not to the holder of an outstanding tax sale certificate upon which the tax deed was afterwards issued.

2. TAX DEED—*Void—Ejectment—Right of Defense.*  A tax deed void upon its face, under which possession had never been taken, does not give to the holder a sufficient standing to successfully assail in ejectment the later tax deed of a party in possession which is valid upon its face but voidable because of antecedent irregularities.

Appeal from Kearny district court.   Opinion filed February 8, 1913.  Reversed.

*H. O. Trinkle,* of Garden City, for the appellant.
*Emery & Emery,* of Seneca, for the appellees.

The opinion of the court was delivered by

BENSON, J.: The appellant, Hetzer, in possession of the land in controversy and claiming title thereto under a tax deed valid upon its face but based upon irregular proceedings, commenced an action to quiet title against the appellees, Burbery and Raper, who claimed the premises under a tax deed of an earlier date void upon its face. The appellees in their answer interposed a counter claim in ejectment for possession of the land. The reply of the appellant admitted his possession and denied the appellees' title. The appellant then dismissed his action and the case proceeded as an action by appellees (defendants) to recover possession from appellant (plaintiff).

It was admitted on the trial that neither the appellees nor any of their grantors had ever been in possession of the land, but that judgment quieting title had been rendered in favor of each of two of the grantors under whom the appellees held by a conveyance made after the decrees had been entered and which was taken in reliance upon them. The last of the judgments quieting title was entered on January 24, 1906, and it was admitted that it was regularly rendered quieting title to the land in controversy against all parties then claiming any interest therein.

The appellant's tax deed is dated October 31, 1906, recorded March 19, 1907, and is based upon the delinquent taxes of the year 1901. The appellees' tax deed was issued September 15, 1902, based upon sales for taxes due prior to the year 1901.

The judgment in this action contains findings that the defendants, by reason of being the owners of a prior tax deed upon which title had been quieted, were in the position of the original owners and entitled to five years in which to bring suit to set aside plaintiff's

tax deed; that the defendants were the owners of the land in fee, and the plaintiff's tax deed was voidable for irregularities. Thereupon judgment was rendered for the appellees for possession, and a tax lien allowed to the appellant.

It appears from these findings that judgment was given upon the theory that the decrees quieting title operated to put the appellees in the position of the original owners, who could, of course, have maintained an action to set aside a voidable tax deed if brought within the period of limitation. It was held, however, in *Lockwood v. Meade,* 71 Kan. 739, 81 Pac. 496, that an ordinary judgment quieting title did not have the effect of transferring to the plaintiff in such an action the title theretofore held by the defendant owners. That decision is cited in *Banchor v. Proctor,* ante, p. 510, 129 Pac. 526, where it was said that a judgment quieting title did not transfer the title of the heirs (original owners) but did render the tax title quieted unassailable by them. It must be held then, that the decrees quieting title did not transfer the original patent title to the plaintiffs therein, but protected their title against attack by the original owners, who were barred by the decrees.

The appellees contend, however, that the decree of January 24, 1906, bars the appellant from any interest in the land although his tax deed was issued afterwards, because of the fact that the deed is based upon a tax-sale certificate outstanding when the decree was entered, which certificate created an interest in the land. (*Douglas, Guardian v. Dickson,* 31 Kan. 310, 1 Pac. 541.) Whether the holder of a tax sale certificate who has a mere lien for unpaid taxes and charges has an adverse estate or interest in the land that may be barred by an action to quiet title under the provisions of section 618 of the civil code, it is not necessary now to decide. Ordinarily, such an action would fail, for if the land be taxable and

the taxes delinquent the certificate would not be set aside except upon payment of the taxes and charges due, and this could be accomplished by redemption at the treasurer's office. If the lands are not taxable, or the taxes have been paid, the ordinary proceeding in equity would be an action to set aside the certificate or for an injunction against the public officers.

Without deciding the question just referred to it is sufficient to say that in this instance the admission is too broadly interpreted by the appellees. The admission was that the proceedings in the suits to quiet title were regular upon the face of the record and that the decree of January 24, 1906, was rendered in favor of the plaintiff in that action "quieting his title to the land in controversy against all persons then claiming any interest therein." Interpreting this language in the light of the circumstances and giving effect to the natural meaning of the words used, this is held to apply to persons claiming an interest in the litigation and parties in the action. To bar the holder for the time being, of an outstanding tax-sale certificate, it should appear that such holder was a party to the suit.

If the certificate upon which the appellant's tax deed was issued was not barred by the decrees quieting title, the situation is simple. He is in possession under a tax deed valid upon its face, but voidable if exposed to the attack of a party having the right to assail it. The appellees, however, are claiming under a tax deed of an earlier issue void upon its face, under which possession had never been taken, and have no standing to make the attack.

"It is fundamental that a person attacking a tax deed must show title in himself." (*Smith v. Newman,* 62 Kan. 318, 321, 62 Pac. 1011, 53 L. R. A. 934.)

In *Cone v. Usher,* 86 Kan. 880, 122 Pac. 1049, and *Banchor v. Proctor,* ante, p. 510, 120 Pac. 526, the rights of successive tax-title holders with respect to

each other are considered, but there is nothing in either decision out of harmony with these views.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.