No. 20,141.

AMERICA L. DESPAIN, *Appellant*, v. WILLIAM H. DESPAIN, *Appellee.*

### SYLLABUS BY THE COURT.

TAXATION—*Action to Recover Land Sold for Taxes—Tax Deed on Record Five Years—Action Barred.* A landowner suffered his land to be conveyed for taxes by deed regularly issued and valid on its face. The tax-deed holder did not take possession or commence proceedings to recover the land within two years. After expiration of the two-year period a grantee of the former owner purchased the tax title. The purchaser took possession and held possession for more than five years. The widow of the former owner, who had lived apart from her husband and who had not joined in his deed, then commenced an action to recover her interest in the land. *Held,* the action was barred by the five-year statute of limitations.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed October 7, 1916. Affirmed.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellant.

*J. M. Miller,* and *H. E. Snyder,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a widow to recover her interest in land which belonged to her husband in his lifetime and of which she had made no conveyance. She was defeated and appeals.

In 1884 the plaintiff was a resident of this state and lived with her husband, John D. Despain, on the land in controversy. In March, 1885, she was compelled to leave her husband because of his misconduct, and she went to the state of Missouri, where she has ever since resided. No divorce was ever granted. In August, 1894, John D. Despain mortgaged the land to W. H. White. The land was sold for taxes, and in order to protect his security White took an assignment of the tax-sale certificate and took out a tax deed, which was executed and recorded in September, 1898. In April, 1900, John D. Despain conveyed the land by warranty deed to his son, W. H. Despain, the defendant. In December, 1900, the defendant satisfied the mortgage and received a quitclaim deed of the land from White. In 1907 or 1908 John D. Despain died intestate. In September, 1912, the defendant's deeds were filed for record. The action was commenced in 1914. John D. Despain remained on the premises until the time of his death, but there was no evidence that he claimed any rights in the land after the date of h' warranty deed to his son. The petition alleged that the defendant had been in possession of the land for more than five years before the action was commenced, which fact the answer admitted. The regularity of the tax deed and of the proceedings on which it was based was not questioned.

The plaintiff is in the position of a landowner whose land has been conveyed for taxes and who assails the title of the tax-deed holder, and her action was barred by the five-year statute of limitations. It is said that in December, 1900, White had nothing to convey to the defendant, because he did not, within two years from September, 1898, take possession or bring an action for possession of the land. That was a matter between White and the defendant. In the case of *Cone v. Usher,* 86 Kan. 880, 122 Pac. 1049, it was said:

"The statute provides that a tax deed—not a tax deed plus possession —'shall vest in the grantee an absolute estate in fee simple.' (Gen. Stat. 1909, § 9479.) The plaintiff's deed is valid on its face. Consequently when it was recorded and when it was introduced in evidence it carried with it, *prima facie,* the force and attributes designated in the statute. It is true that a tax deed may lose its virtue through failure to take possession under it. But no presumption arises immediately after the lapse of two years that it has thus become devitalized. The two-year statute of limitations merely conditions the remedy in the event that remedy to enforce possession be necessary. It applies only in the event that the right

Despain v. Despain.

of possession conferred by the deed be obstructed or denied. It does not begin to run unless and until adverse possession exists, and in the absence of proof of such possession the fee simple character of the grantee's ownership presumptively continues." (p. 884.)

While the defendant might have resisted any attempt which White might have made to assert rights under the tax deed, the defendant was not bound to do so. If he had yielded possession to White the plaintiff could not complain. The deed was not "dead," as the plaintiff says, except for use as the basis of affirmative action by the holder or by those in privity with him, and the plaintiff can not complain because the defendant chose to recognize it and to purchase from White. The opinion in the case of *Cone v. Usher*, supra, reviews the decisions in the cases of *Thornburgh v. Cole*, 27 Kan. 490, *Smith v. Jones*, 37 Kan. 292, 15 Pac. 185, and *Coale v. Campbell*, 58 Kan. 480, 49 Pac. 604, cited by the plaintiff, follows those decisions and calls particular attention to the fact that the distinction between actions instituted by the person commonly designated as the tax-title purchaser, such as White, and the defendant as White's grantee, and actions instituted against the tax-title purchaser or his grantee in possession by the person commonly designated as the owner of the fee, such as the plaintiff, has always been maintained. The decisions in the cases of *Corbin v. Bronson*, 28 Kan. 532, and *Douglass v. Boyle*, 42 Kan. 392, 22 Pac. 316, cited by the plaintiff, illustrate the principle. They were actions instituted by the tax-title purchaser and were resisted by the owner in possession on the ground that the two-year statute had run. In this case the tax-title purchaser, the defendant as White's grantee, brings no action. He has title by virtue of the tax deed and he has possession. The plaintiff, the owner whose title was cut off by the tax deed and who is out of possession, brings the action. The statute reads as follows:

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter." (Gen. Stat. 1909, § 9483.)

Whatever the character of the plaintiff's objection to the tax deed may be, her action was one to recover land sold for taxes

and to defeat and avoid a conveyance of land for taxes. The taxes have not been paid, the land has not been redeemed, and the action was barred when it was commenced.

The judgment of the district court is affirmed.