No. 30,873.

MARY MADIGAN, *Appellee,* v. JOSEPH E. SMITH et al., *Appellants.*

(20 P. 2d 825.)

Opinion filed April 8, 1933.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellants.
*James E. Taylor,* of Sharon Springs, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action in ejectment and to set aside a tax deed on part of a lot in the city of Wallace, in Wallace county, Kansas, where the defendants are and have been in possession of the lot for more than twelve years, holding title thereto under a tax deed which has been of record for all of that time. The answer of the defendants was a general denial. Before filing the answer, however, the defendants moved to strike from the petition certain paragraphs, and after filing the answer they moved for judgment on the pleadings. These motions were overruled. After plaintiff had introduced her testimony and rested defendants demurred to the evidence, and

when the demurrer was overruled they stood thereon and judgment was rendered for plaintiff, finding the tax deed to be void on its face in two particulars. From this judgment the defendants appeal.

Both parties agree that the sole question here involved is whether the tax deed is void upon its face.

Appellants first cite R. S. 79-2503 and 79-2505 and a number of Kansas decisions prescribing and holding that an action to defeat and avoid a conveyance of land for taxes is barred if not commenced within five years from the time of the recording of the tax deed. These statutes and decisions have reference to defects, irregularities and omissions in the tax proceedings which may render the tax deed voidable, but they do not apply or control where the tax deed is void on its face. Actions to set aside tax deeds as void on their face are not barred by the five-year statute of limitations. (*Richards v. Thompson*, 43 Kan. 209, 23 Pac. 106, and *Doudna v. Harlan*, 45 Kan. 484, 25 Pac. 883.)

The first feature of the tax deed which the trial court held would render it void on its face was that the resolution authorizing the county treasurer to bid in the property for the county at the tax sale had not been passed or adopted by the board of county commissioners until more than a month after the county treasurer had bid in this property, as shown on the face of the deed in the following language:

". . . and whereas the treasurer of said county did, on the third day of September, A. D. 1912, pursuant to notice given as required by law, at a public sale of real property for delinquent taxes, held at his office in the county seat of said county, and by virtue of authority in him vested and in pursuance of a resolution of the board of county commissioners on the 7th day of October, 1912, entered at page 112, volume 3 of the record of said board adopting the provisions of chapter 162, Session Laws of 1891, bid off in the name of said county separately each of the said several parcels, tracts and lots above described. . . ."

Appellants urge that the date, October 7, 1912, is a mere clerical error, and the liberal rule of construction applied to deeds of record more than five years should prevail as was held under similar circumstances in *Hoffman v. Woodward*, 86 Kan. 81, 119 Pac. 712. That was a case where the tax deed was based upon a compromise of delinquent taxes and where an intervening period of three years between the date of sale and the assignment of the tax sale certificate was necessary, and while the two dates given in the deed being Sep-

tember, 1896, and January 3, 1899, showed an intervening period of less than three years, yet the deed contained the positive recital that "three years had expired from the date of said sale." The court applied the liberal rule of construction, being confronted with this inconsistency and ambiguity, and gave preference to the positive statement of the intervening period being full three years, even to the extent of regarding the last date given as being a clerical error. In the case at bar we have no positive statement. We have only the dates and nothing else to aid or strengthen an intention to use a different date. The absurd date is all we have. It cannot be a ratification of what the county treasurer had already done. To have bid in the lot for the county without such an order would be wholly without authority and the same as if no such law had ever been enacted.

"Where a county fails to accept and adopt a law which declares that the provisions of the act 'shall apply only to such counties as shall by resolution accept and adopt the same, the situation as far as that county is concerned is the same as if no such law had been enacted." (*Crawford County Comm'rs v. Radley et al.,* 134 Kan. 704, syl. ¶ 1, 8 P. 2d 386.)

The case of *Despain v. Despain,* 98 Kan. 707, 160 Pac. 219, cited by appellants, is not controlling, because it is stated in the syllabus that the deed was valid on its face.

The trial court in the journal entry finds that the county treasurer did not have authority at the September, 1912, tax sale to bid the land off for the county and adds that the court should take judicial notice of the date when the resolution was in fact adopted. We think the dates shown on the face of the deed were sufficient for the conclusion reached without resorting to judicial notice. The authorities cited by appellee in connection with a resort to judicial notice show it has sometimes been used for the purpose of upholding an instrument or deed.

The trial court held, and the appellee maintains, the deed is void upon its face for the further reason that the amount for which the lot was sold was less than "a sum of money equal to the cost of redemption," in violation of the requirements of R. S. 79-2314, and because the cost of redemption as prescribed in R. S. 79-2401 includes "interest at the rate of fifteen per cent per annum on the amount of the purchase-money of sale." The deed shows the amount for which the lot was sold on September 3, 1912, for the taxes of 1911, the assignment of the certificate on March 31, 1917, the

taxes for three of the five intervening years and the taxes for one subsequent year before issuance of deed, the total being exactly the amount for which the deed to this lot was issued, without adding anything for interest on the amount for which the lot was sold for the time intervening between the date of the sale and the date of the assignment of the certificate of sale, which was more than four and one-half years. The deed in two places recites that the total named is "the amount of taxes, penalties and charges," but the amount of taxes, if it included any interest whatever on the sale price, would not agree with the total given in the deed but would exceed it by the entire amount of the interest on the sale price. This, we think, under the decision in this state is a violation of the provisions of the two statutes above cited, and when this illegality plainly appears on the face of the deed, it makes the deed void upon its face.

"A tax deed may be set aside even after it has been of record more than five years, where it shows upon its face that the certificate was assigned by the county for considerably less than the amount then required for redemption. . . ." (*Logsdon v. Hodges,* 84 Kan. 456, syl., 114 Pac. 854.)

"A tax deed held void on its face because it showed that the interest of the county was assigned for less than the amount necessary to redeem." (*Wilks v. DeHart,* 78 Kan. 217, syl., 95 Pac. 836.)

"A tax deed which recites that at a tax sale certain lands were bid in by the county, and that subsequently the certificates and interest of the county in the land were assigned for certain specified sums, which were less than the cost of redemption and less than the officers were authorized to accept, is void on its face and passes no title to the holder." (*Douglass v. Lowell,* 60 Kan. 239, syl. ¶ 1, 56 Pac. 13. See, also, *Douglass v. Wilson,* 31 Kan. 565, 3 Pac. 330; and *Carson v. Weldon,* 84 Kan. 442, 113 Pac. 1041.)

We find no error in the decision of the trial court holding the tax deed void upon its face.

The judgment is affirmed.